737 So.2d 411 (1998)
Dolores SHERMAN, Appellant,
v.
Laura Beth KEITH, Appellee.
No. 97-CA-01172 COA.
Court of Appeals of Mississippi.
December 18, 1998.
Rehearing Denied February 23, 1999.
Certiorari Denied May 13, 1999.
*412 Kenneth M. Altman Terry, Bennett Loup, Gulfport, Attorneys for Appellant.
Rodney Robinson, Gulfport, Attorney for Appellee.
Before McMILLIN, P.J., and PAYNE and SOUTHWICK, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. Dolores Sherman initiated this negligence action against Laura Beth Keith on December 18, 1995. This lawsuit stemmed from an auto collision that occurred on August 26, 1995.
¶ 2. A jury trial was held on June 5-6, 1997. The jury reached a verdict in favor of Keith. On June 10, 1997, the court entered a final judgment in favor of Keith and dismissed the action.
¶ 3. Feeling aggrieved by the jury's verdict, Sherman filed a JNOV and alternatively for a new trial. The trial court denied the motions and entered its order September 8, 1997. Feeling further aggrieved, Sherman filed her notice of appeal on September 24, 1997.

FACTS
¶ 4. A traffic accident occurred when cars driven by Norman Hoda and Laura Keith collided. Dolores Sherman was Hoda's passenger and was on her way to pick up a free sandwich from Casino Magic when the untimely accident occurred.
¶ 5. Several witnesses testified, giving conflicting accounts of what occurred. Keith testified that she was in the process of completing her stop at the stop sign, at the same time observing both directions for traffic, when she was hit by Hoda's car. Hoda's vehicle, she claims, "swiped the front-end of my vehicle." Commenting further on the incident, Keith testified that she was completely within the neutral ground area when she came to a stop.
¶ 6. Officer James Martin of the Bay St. Louis Police Department testified that while he was not a collision reconstructionist, *413 it was his opinion that the accident occurred in Hoda's lane of traffic. Kelly Zimmerman Smith was an eyewitness to the collision. She testified that the Keith vehicle struck Hoda's truck. Smith further testified that she heard Hoda honking his horn at Keith at the time of the collision. Both Hoda and Sherman could not give full accounts of what transpired as the accident blurred their memory.

ISSUES PRESENTED

I. WHETHER THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTION AND ALLOWING EVIDENCE OF RELIGIOUS BELIEFS OF DEFENDANT TO BE ADDUCED BEFORE THE JURY IN VIOLATION OF M.R.E. 610.
¶ 7. We begin our analysis by stating that this issue is procedurally barred. Under M.R.E. 103, objections must be made stating the specific ground or grounds for the objection if not apparent from the context. No objection was made, therefore this issue is barred. However, we take this opportunity to review the situation presented by the appellant on the merits. M.R.E. 610 provides:
Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature his credibility is impaired or enhanced.
¶ 8. As her first assignment of error, Sherman insists that evidence of Keith's church involvement should not have been allowed to be spoken because such statements concerning church affiliation bolstered her testimony.
¶ 9. Keith stated and the trial court responded:
Well mainly I'm very active at Main Street Methodist Church where I do teach Sunday School and we do a lot we have a women's group, we do a lot of community stuff. I also sit for some elderly people in my community.
BY THE COURT: I think that's enough. That isn't relevant.
¶ 10. Citing Steele v. Inn of Vicksburg, Inc., 697 So.2d 373 (Miss.1997) as authority, Sherman states that merely asking a question about religious beliefs of a witness is improper. However, the situation presented in Steele is not the situation presented in the case before us this day. In this case, no question was asked concerning Keith's religious belief. Rather the question asked was "[D]o you have any activities outside of the home as far as community?" From the record, it appears that this question was asked in order to relax the witness.
BY THE COURT: Maybe it's just some introductory questions
BY MR. ROBINSON: It is.
BY THE COURT:to allow the witness to relax. If that's what it is I'll allow it.
BY MR. ROBINSON: It is.
¶ 11. Keith's testimony addressed neither her specific beliefs or her opinions on religion or faith. Keith was merely asked about her activities outside the home and she responded as best she could. Sherman's attorney objected on grounds of relevance. Thereafter, the trial judge told Keith's attorney, in front of the jury, "I think that is enough. That isn't relevant." This statement sent a message that the testimony was irrelevant, thereby sustaining the objection.
¶ 12. Aside from the fact that the Steele case has no application to these facts, we note that at the time this statement was given Sherman's attorney could have requested that the trial judge admonish the jury. Concerning Keith's statement, the trial judge did say while the jury was present, "That isn't relevant." Further, Sherman's attorney should have requested a mistrial if he believed that the statement given by Keith was improper or irreparably prejudiced his client. As the Mississippi Supreme Court noted in West Cash & Carry Bldg. Materials of McComb, Inc. v. Palumbo, 371 So.2d 873, 876 (Miss.1979):

*414 [I]t would seem that if an objection be sustained to testimony thought to be objectionable, a motion for the court to admonish the jury to disregard would be in order immediately if the objector believes that prejudice has resulted. If, after admonishment, it is still thought that irreparable prejudice, incapable of being removed by admonishment, persists, a motion for a mistrial would be in order.
The function of this Court is to see that both sides are given a fair trial. Having stated such, we find that this citation of error is without merit. Certainly, it would be a strain to say that Keith's single statement, which was subsequently undermined by the trial judge's statement, unduly prejudiced Sherman.
II. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFF'S MOTION FOR DIRECTED VERDICT AND OR FAILING TO GIVE PLAINTIFF'S REQUESTED PEREMPTORY CHARGE ON LIABILITY.
III. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.
¶ 13. For purposes of this appeal these issues will be consolidated. These three challenges posed by Sherman (motion for directed verdict, request for peremptory instruction, and motion for JNOV) challenge the legal sufficiency of the evidence. Since each requires consideration of the evidence before the court when made, this Court properly reviews the ruling on the last occasion the challenge was made in the trial court. This occurred when the circuit court overruled Sherman's motion for JNOV. See Wetz v. State, 503 So.2d 803, 807-08 (Miss.1987). The standard of review for a JNOV is the same as for a directed verdict. James v. Mabus, 574 So.2d 596, 600 (Miss.1990).
¶ 14. When determining the propriety of a motion for a directed verdict, this Court, like the circuit court, is required to consider the evidence in a light most favorable to the non-moving party, and if by reasonable interpretation, it can support an inference of individual liability which the non-moving party seeks to prove, the motion must be denied. Turner v. Wilson, 620 So.2d 545, 550 (Miss.1993).
¶ 15. In the instant case, we are faced with conflicting accounts of what transpired. Keith maintains that she was struck by Hoda's vehicle. Smith testified that Keith's vehicle struck Hoda's vehicle. The jury heard, analyzed, and reviewed the testimony as proffered by each witness, examined the appearance and demeanor of each witness, consolidating all of the testimony for a final determination against Sherman. Having read the trial transcripts, we decline to disturb the jury's verdict.

IV. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFF'S MOTION FOR A NEW TRIAL.
¶ 16. In the alternative, Sherman asks this Court to invalidate the jury's determination by granting a new trial. As distinguished from the motion for a JNOV, a motion for a new trial requests that the jury's verdict be vacated on grounds related to the weight of the evidence, not its sufficiency. May v. State, 460 So.2d 778, 781 (Miss.1984). When contradictory testimony exists, this Court will "defer to the jury, which determines the weight and worth of testimony and credibility of the witness at trial." Odom v. Roberts, 606 So.2d 114, 118 (Miss.1992). This Court "will not reverse a jury verdict unless it is against the overwhelming weight of evidence and credible testimony." Gifford v. Four-County Elec. Power Ass'n, 615 So.2d 1166, 1171 (Miss.1992).
¶ 17. In this instant case the jury had two choices: The jury could have believed the position advanced by Keith, or *415 the jury could have believed the position advanced by Sherman. The jury determined that Keith was not negligent. Furthermore, the jury weighed the evidence and determined the credibility of the witnesses. Courts normally do not interfere with jury determinations. Wells Fargo Armored Service Corp. v. Turner, 543 So.2d 154, 156 (Miss.1989) (quoting Travelers Indem. Co. v. Rawson, 222 So.2d 131, 134 (Miss.1969)). This Court will not be a thirteenth juror. Walker v. Graham, 582 So.2d 431, 433 (Miss.1991) (citing Bell v. Bay St. Louis, 467 So.2d 657, 660 (Miss. 1985)). There are however, exceptions to the general rule. McKinzie v. Coon, 656 So.2d 134, 142 (Miss.1995) (stating a jury verdict should not be set aside "unless the jury is improperly instructed on the law, misled, confused or ignores the weight of the evidence."). Sherman contends that the weight of the evidence is against the jury's verdict. Keith maintains that she was struck by Hoda's vehicle. Smith testified that Keith's vehicle struck Hoda's vehicle. As the court in Wells stated, "The jury not only has the right to evaluate and determine the truth and falsity of the witnesses, but also has the right to evaluate and determine what portions of the testimony of any witness it will accept or reject" and unless it is clear that the verdict is contrary to the overwhelming weight of the credible testimony the jury verdict will not be set aside. Wells Fargo, 543 So.2d at 156 (citations omitted). Ultimately, the question was one of fact to be determined by the jury.
¶ 18. The court has stated that the test applied to jury verdicts in civil cases is:
Once the jury has returned a verdict in a civil case, we are not at liberty to direct that judgment be entered contrary to that verdict short of a conclusion on our part that given the evidence as a whole, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could have found as the jury found.
Henson v. Roberts, 679 So.2d 1041, 1045 (Miss.1996) (citing Wells Fargo, 543 So.2d at 157; Bell v. City of Bay St. Louis, 467 So.2d at 660; Stubblefield v. Jesco, Inc., 464 So.2d 47, 54 (Miss.1984); Weems v. American Sec. Ins. Co., 450 So.2d 431, 435 (Miss.1984)). Thus, when liability is difficult to determine as in this case due to conflicting testimony produced by each side, "the jury is given the power to resolve factual disputes," Henson, 679 So.2d at 1045, and did so in this case against the plaintiff, Sherman. We decline to disturb the jury's verdict.
¶ 19. Given the function of the jury, and our reluctance to disturb their decision, coupled with conflicting accounts of what occurred, we find this request submitted by Sherman to be without merit.

CONCLUSION
¶ 20. It is unfortunate that Sherman has suffered injuries due to this untimely accident, but it was her burden to present evidence that would convince the jury that Keith was guilty of negligence that proximately caused those injuries. Having failed to meet her burden she cannot form a basis of relief at the appellate level.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN, P.J., and COLEMAN, DIAZ, HERRING, HINKEBEIN, KING and SOUTHWICK, JJ., concur.
THOMAS, P.J., not participating.