811 So.2d 330 (2001)
Laura HOLMES, Appellant,
v.
Larry WINK and Wink, Inc. d/b/a Wink Engineering, Appellees.
No. 1999-CA-01590-COA.
Court of Appeals of Mississippi.
January 16, 2001.
*331 Russell Douglas Holwadel, attorney for appellant.
G. Martin Warren Jr., attorney for appellees.
Before SOUTHWICK, P.J., LEE, and THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Laura Holmes filed suit against Larry Wink and Wink, Inc. for negligence arising out of the design and application of a galvanized steel plate. Following a jury verdict in favor of Wink, Holmes appeals, raising the following issues as error:
*332 I. WHETHER THE JURY VERDICT WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE?
II. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFF A NEGLIGENCE PER SE JURY INSTRUCTION?
III. WHETHER WINK EXERCISED ORDINARY CARE AND DILIGENCE IN THE PREPARATION OF THEIR DESIGN?
IV. WHETHER THE PLAINTIFF WAS PREJUDICED BY TWO QUESTIONS ASKED BY THE WINK DEFENDANTS?
Finding no error, we affirm.

FACTS
¶ 2. Pier G at the Point Cadet Marina in Biloxi, Mississippi was damaged when a ship bumped into the pier. The impact to the pier created a four inch gap between the concrete pier and the concrete bulkhead. Wink, Inc. was contacted to repair the damage, and Larry Wink, now president of Wink Engineering, was the project manager. The design and application that Wink, Inc. and Larry D. Wink prescribed to fill the four inch gap was a galvanized steel plate approximately a foot wide. The Wink defendants used their professional judgment in determining that the galvanized steel plate was the most appropriate design and application for this situation. The galvanized steel plate was put in place by the contractor around April 22, 1988.
¶ 3. On May 21, 1988, following a rainfall, Holmes slipped and fell on the galvanized steel plate. Holmes testified that her right foot slipped out from under her and she struck her lower back on a concrete abutment. Holmes had previously walked over the plate twelve times prior to the accident and had no recollection of even stepping on the plate. Holmes testified that after she fell the parts of her body that landed on top of the metal plate were wet and sandy.
¶ 4. Holmes brought a claim against the appellees, Larry D. Wink and Wink, Inc., alleging that they were negligent in the design and application of a galvanized steel plate. A final judgment in favor of the Wink and Wink, Inc. was entered in the Circuit Court of Harrison County, Mississippi. Holmes filed a Rule 50 motion for judgment notwithstanding the verdict and for a new trial pursuant to Rule 59 of the Mississippi Rules of Civil Procedure. The trial court judge denied Holmes's motion. It is from this denial that Holmes now appeals.

ANALYSIS

I.

WHETHER THE JURY VERDICT WAS CONTRARY TO THE OVER-WHELMING WEIGHT OF THE EVIDENCE?
¶ 5. Holmes contends that the jury verdict in favor of Larry Wink and Wink, Inc. must be reversed because it conflicts with the uncontradicted testimony and evidence. Holmes asserts that the weight of the evidence shows that Wink, Inc. was negligent in the design and application of the galvanized steel plate.
¶ 6. A motion for a new trial challenges the weight of the evidence. Henson v. Roberts, 679 So.2d 1041, 1045 (Miss.1996). The grant or denial of a motion for a new trial is a matter within the sound discretion of the trial judge. May v. State, 460 So.2d 778, 781 (Miss.1984). The credible evidence of the case must be viewed in the light most favorable to the non-moving party. Clark v. Columbus & Greenville Ry. Co., 473 So.2d 947, 950 (Miss.1985). When the evidence is viewed *333 as such, the motion should be granted only when upon a review of the entire record the trial judge is left with a firm and definite conviction that the verdict, if allowed to stand, would work a miscarriage of justice. Our authority to reverse is limited to those cases wherein the trial judge has abused his discretion. Moody v. RPM Pizza, Inc., 659 So.2d 877, 881 (Miss. 1995). "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Herrington v. Spell, 692 So.2d 93, 103 (Miss. 1997). The jury is the ultimate judge of the weight of the evidence and the credibility of the witnesses. Jackson v. Griffin, 390 So.2d 287, 289 (Miss.1980). Because of the jury verdict in favor of the appellee, this Court will resolve all evidentiary conflicts in the appellee's favor and will draw all reasonable inferences which flow from the testimony given in favor of the appellee. Southwest Miss. Reg'l Medical Ctr. v. Lawrence, 684 So.2d 1257, 1267 (Miss. 1996) (citing Bobby Kitchens, Inc. v. Mississippi Ins. Guar. Assoc., 560 So.2d 129, 131 (Miss.1989)). We will not set aside the jury's verdict unless the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Herrington, 692 So.2d at 104.
¶ 7. In the case at hand, we cannot say that the verdict of the jury was clearly erroneous. This was a typical trial involving conflicting testimony and opinions, with the main issue being whether the Winks were negligent in the design and application of the galvanized steel plate. Holmes argues that various testimony and evidence was uncontradicted and that the jury must "accept as true" such evidence. Whether the plate was slippery when wet, as Holmes and Clyde Ross testified, is not the issue in the case at bar. The issue in this case is whether Wink was negligent in the design and application of the galvanized steel plate. Also, Holmes argues that the trial court found no fault on her behalf, but this does not result in absolute liability on the part of Wink. Shields v. Easterling, 676 So.2d 293, 295 (Miss.1996). A case decided by this Court which is right on point to the instant case is Long v. Harris, 744 So.2d 839 (Miss.Ct.App.1999). In Long, the jury was faced with conflicting opinions as to whether the defendant followed acceptable professional practices in completing his contracted work. Id. at 841. The jury in Long returned a verdict for the defendant, and this Court stated it was apparent that the jury lent more credibility and weight to the expert opinions and other testimony offered by defendant rather than the expert opinions and other testimony offered by the plaintiff. Id. This Court went on to state that "our role in sound institutional jurisprudence requires that we give substantial deference to a jury's findings of fact and to the trial judge's determination that a jury issue was present and tendered." Id. Looking to the reasons mentioned above, we affirm the lower court's verdict.

II.

WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFF A NEGLIGENCE PER SE JURY INSTRUCTION?
¶ 8. Holmes argues that the lower court erred by failing to grant her a negligence per se instruction, proposed as P-12. The trial court can and should refuse to instruct the jury when the instruction is an incorrect statement of applicable law. Hageney v. Jackson Furniture of Danville, Inc., 746 So.2d 912, 926 (Miss.Ct.App. *334 1999). To prevail on a negligence per se claim, a party must prove that she was a member of the class sought to be protected under the statute, that her injuries were of a type sought to be avoided, and that violation of the statute proximately caused her injuries. Snapp v. Harrison, 699 So.2d 567, 571 (Miss.1997); Brennan v. Webb, 729 So.2d 244, 249 (Miss.Ct.App. 1998). In the case at bar, the proposed instruction stated that upon a finding of a statute or code violation and a finding that the plaintiff was in the protected class "then you shall return a verdict in Laura Holmes's favor". The instruction fails to mention proximate cause, and therefore, the refusal of the instruction was correct due to the fact that the instruction was an incorrect statement of the law. Holmes fails to put forth any authority to support her proposition that a violation of the Southern Building Code would entitle one to a negligence per se instruction. This Court has stated that "negligence per se and subsequent liability arise in certain situations when a statute is violated by one party and this violation proximately causes injury to a party." Brennan v. Webb, 729 So.2d 244, 249 (Miss.Ct.App.1998). Based on the record, Holmes has failed to show that any violation of the Southern Building Code, or any standard incorporated into it would subject Wink to negligence per se. Holmes argument for a negligence per se instruction lacks merit, and therefore, we affirm the trial court's decision.

III.

WHETHER WINK EXERCISED ORDINARY CARE AND DILIGENCE IN THE PREPARATION OF THEIR DESIGN?
¶ 9. In this case Holmes puts forth the argument that Wink did not properly investigate whether the galvanized steel plate was an appropriate design and application for the situation. In Mississippi the design professionals (architects/engineers) have a duty to exercise ordinary professional skill and diligence. Magnolia Const. Co., Inc. v. Mississippi Gulf South Engineers, Inc., 518 So.2d 1194, 1202 (Miss.1988). Holmes argues that Wink failed to exercise ordinary professional skill and diligence in the design and application of the galvanized steel plate. The jury in the lower court weighed all of the testimony and evidence from this case and had the ability to accept or reject it. Based on the record, the lower court found in the favor of Wink, and we hold that Holmes argument lacks merit and affirm the lower courts decision.

IV.

WHETHER THE PLAINTIFF WAS PREJUDICED BY TWO QUESTIONS ASKED BY THE WINK DEFENDANTS?
¶ 10. Holmes argues that a reversal is required due to two questions which were asked by the Wink counsel in cross-examination of Holmes. In Wink's cross-examination of Holmes, the following two questions were asked: (1) "Now, out of making that amount of money, you and your husband had not filed any income tax; is that right?" and (2) "Now, [you're] suing them here today, but isn't it true that you had sued five other defendants along with my clients?" In both instances, the objections were sustained, Holmes did not even answer the questions, and as to the second question, the lower court admonished the jury to disregard the question. Mississippi law presumes that jurors follow the trial judge's instructions, as upon their oaths they are obliged to do so. Steele v. Inn of Vicksburg, Inc. 697 So.2d 373, 378 (Miss. 1997). The record shows that Holmes failed to request a mistrial, as required by Mississippi law if he felt the jury was *335 prejudiced by the questions. Sherman v. Keith, 737 So.2d 411, 413 (Miss.Ct.App. 1998). In the instant case, the objections to the questions were sustained, and we hold that there was no prejudice to Holmes.
¶ 11. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
MCMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, AND PAYNE, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.