GRIFFIS, J.,
for the Court.
¶ 1. Martha E. Coleman appeals a judgment notwithstanding the verdict entered after the jury returned a verdict in the amount of $544,000 against Jitney Jungle Stores of America, Inc. She also appeals the trial court’s order granting a new trial. We find that the trial court erred in granting the judgment notwithstanding the verdict and remand for a new trial.
FACTS
¶ 2. On March 22, 1999, Martha E. Coleman entered a Jitney Jungle store to purchase some tea. She had never shopped in this particular Jitney Jungle store and asked a store employee where she could find the tea. After locating the tea, Coleman proceeded to the front of the store to complete her purchase. While en route, Coleman was injured when she slipped and fell to the floor.
¶ 3. Coleman was treated by three separate medical providers and eventually underwent surgery to repair the muscle in her left shoulder. Coleman, who was 63 years old and eighteen months shy of retiring, was unable to return to work where she had been employed for twenty-five years.
¶ 4. The jury returned a verdict for Coleman in the amount of $544,000. After a judgment was entered, Jitney Jungle filed a motion for judgment notwithstanding the verdict and/or in the alternative for a new trial. The trial court granted Jitney Jungle’s motion for judgment notwithstanding the verdict and also conditionally granted a new trial, should the motion for judgment notwithstanding the verdict be reversed on appeal.
¶5. Coleman raises two issues. First, she contends that the trial court erred in granting the motion for judgment notwithstanding the verdict. Second, she contends that the trial court erred in conditionally granting the motion for new trial.
ANALYSIS

I. Whether the court erred in granting a judgment notwithstanding the verdict.

¶ 6. A motion for judgment notwithstanding the verdict tests the legal sufficiency of the evidence supporting the verdict. Tait v. State, 669 So.2d 85, 88 (Miss.1996). All credible evidence tending to support the non-movant’s case and all favorable inferences that can be reasonably drawn therefrom are accepted as true and go to the benefit of the non-movant. Weathersby Chevrolet Co., Inc. v. Redd Pest Control Co., Inc. 778 So.2d 130, 132(¶ 5) (Miss.2001). If after examining the evidence, reasonable and fair-minded jurors could reach different conclusions, the jury verdict should be allowed to stand and the motion for judgment notwithstanding the verdict denied. Id.
¶ 7. In granting the judgment notwithstanding the verdict, the trial court found that Coleman’s evidence was insufficient to prove the required elements of negligence and that the jury verdict was based upon speculation and only amounted to a scintilla of evidence.
¶8. To prevail on her claim, Coleman was required to prove by a preponderance of the evidence each element of negligence: duty, breach of duty, proximate; causation, and injury. K-Mart Corp. v. Hardy, 735 So.2d 975, 981(¶ 14) (Miss.1999). Coleman was a business invitee when she entered the Jitney Jungle Store. Thus, Mississippi law imposes upon a business owner a duty to the invitee to keep its *612 premises • in a reasonably safe condition. Id. Jitney Jungle owed Coleman a duty to exercise reasonable care to keep the premises in a reasonably safe condition, and if Jitney Jungle was aware of a dangerous condition, which was not readily apparent to Coleman, Jitney Jungle was under a duty to warn Coleman of such conditions. Jerry Lee’s Grocery, Inc. v. Thompson, 528 So.2d 293, 295 (Miss.1988).
¶ 9. In a premises liability case, Coleman must prove one of three things: (1) a negligent act by Jitney Jungle caused her injury; (2) Jitney Jungle had actual knowledge of a dangerous condition but failed to warn her of the danger; or (3) the dangerous condition remained long enough to impute constructive knowledge to Jitney Jungle. Downs v. Choo, 656 So.2d 84, 86 (Miss.1995).
¶ 10. Coleman argues that Jitney Jungle’s negligence resulted from the improper handling of a leaky freezer that created the dangerous .condition that caused her injuries. Coleman points to the testimony of Xavier Hall, Jitney Jungle’s store manager. Hall testified that the freezer on aisle 6 had leaked at least a year and a half, that the freezer had a history of leaking, that he and other employees knew the freezer leaked, and that it was never repaired, replaced or removed. Hall stated that the freezer on aisle 6 had a history of leaking on a regular basis.
¶ 11. Jitney Jungle argues that there was no direct proof to establish its negligence. Jitney Jungle’s argument is based on the fact that Coleman knew nothing about the water where she fell. Coleman admitted that she did not see the water before she slipped, she never looked at the water after she slipped, and she does not know how much water was on the floor, where it came from or how long it had been there before the accident. Instead, Coleman only argues that the jury could make an inference that Coleman fell in water that came from a freezer that had a history of leaking.
¶ 12. Jitney Jungle further supports its argument by pointing to the conflicting evidence over where the accident occurred and where the freezer was located. Jitney Jungle contends that there was no freezer on aisle 6; instead, the freezers at the store were located on aisles 7 and 8. Coleman never identified where she slipped and fell and does not know where the accident occurred. Jitney Jungle points to Coleman’s testimony that implies she fell on aisle 6, other testimony that implies she fell on aisle 8 or possibly aisle 7, and other testimony that indicates she does not know or recall where she fell.
¶ 13. Hall’s testimony was indeed confusing. Hall was called as an adverse witness to testify in Coleman’s case-in-chief. During his testimony, Hall used a plat of the store that indicated the store layout. In response to questions asked on direct examination, Hall made a mistake in numbering the aisles so that aisle 6 on Hall’s plat was actually aisle 7 on the Jitney Jungle store plat. On cross-examination, Hall corrected this mistake. Adding to the confusion, Coleman’s incident report indicated that she fell on aisle 6 and did not mention any problem with the freezers. Neither the incident report nor Coleman’s testimony indicated that the water she fell in came from a leaky freezer.
¶ 14. Hall also testified that the freezer only leaked when the freezer’s drain iced over and prevented water from going down the drain. He testified that when the drain iced over, water from the freezer would leak onto the floor in aisle 7. The drain froze only occasionally and did not leak continuously. Hall corrected the problem when it occurred, and no one could predict when the drain might freeze again.
*613 ¶ 15. The parties main dispute was the identity of the precise aisle on which Coleman fell. The jury resolved the conflicting evidence on this disputed issue of fact in favor of Coleman. Because the jury sits as finders of fact, their findings are entitled to substantial deference. Hearn v. Brown, 876 So.2d 380, 383 (¶ 13) (Miss.Ct.App.2003). The jury is in the best position to evaluate the testimony and determine what portions of the testimony of any witness it will accept or reject. Weathersby, 778 So.2d at 132. When contradictory testimony exists, the court will defer to the jury which determines the weight and worth of testimony and credibility of the witness at trial. Sherman v. Keith, 737 So.2d 411, 414 (Miss.Ct.App.1998).
¶ 16. Upon review of the evidence in the light most favorable to Coleman as the non-movant and assuming that the jury drew all permissible inferences from that favorable evidence, we cannot say that a reasonable jury could only find for Jitney Jungle under the law. For that reason, we find that the trial court erred in granting Jitney Jungle’s motion for judgment notwithstanding the verdict. The trial court’s judgment granting a JNOV is reversed.
II. Whether the court erred in conditionally granting a new trial.
¶ 17. In addition to granting the judgment notwithstanding the verdict, the trial court conditionally granted Jitney Jungle’s motion for new trial. This conditional ruling was based on Mississippi Rule of Civil Procedure 50(c), which provides: “If the motion for judgment notwithstanding the verdict ... is granted, the court shall also rule on the motion for a new trial ... by determining whether it should be granted if the judgment [notwithstanding the verdict] is thereafter vacated or reversed .... ” Coleman, however, asks this Court to review'the trial court’s conditional ruling and reinstate the original jury verdict in Coleman’s favor in the amount of $544,000.
¶ 18. This issue was considered in detail by this Court in Hearn v. Brown, 876 So.2d 380, 383-85 (¶¶ 14-18) (Miss.Ct.App.2003). This matter is governed by 1 our decision in Hearn, where we concluded:
[T]his Court lacks jurisdiction to reach this second issue on the merits. It is fundamental Jaw in this State that an order for new trial in a civil action based upon any factor other -than the exces-siveness or inadequacy of the verdict amount is an interlocutory determination that is not the proper subject of an appeal as a matter of right.... In this case, the trial court conditionally ordered a new trial on the issue of liability, which plainly has nothing to do with issues relating to the size of the jury’s verdict. Once this Court determined that the circuit court erred in granting a JNOV, the conditional nature of the order for new trial on liability was removed, and it became the operative direction of the circuit court as to how the case would proceed at the trial level. Because of its interlocutory nature, that order is beyond the jurisdiction of this Court to consider.
Id. at 383 (¶ 16). Thus, the trial court’s “order for a new trial, no longer conditional by virtue of the decision of this Court on the JNOV, necessarily stands beyond the jurisdiction of this Court to disturb at this juncture of the proceeding. We have: no alternative but to remand for a new trial.” Id. at 385 (¶ 20). Accordingly, we remand this case to the circuit court for a new trial.
¶ 19. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT GRANTING THE DEFENDANT’S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT IS *614 REVERSED AND THIS CAUSE IS REMANDED TO THE CIRCUIT COURT OF HINDS COUNTY FOR A NEW TRIAL PURSUANT TO THE CIRCUIT COURT’S CONDITIONAL ORDER, INTERLOCUTORY IN NATURE, GRANTING JITNEY JUNGLE STORES OF AMERICA, INC. A NEW TRIAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, P.J., CHANDLER, BARNES AND ISHEE, JJ., CONCUR. BARNES, J„ SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, P.J., CHANDLER AND ISHEE, JJ. KING, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES, P.J., IRVING AND MYERS, JJ.