568 So.2d 277 (1990)
George Lee DAVIS a/k/a "Peanut"
v.
STATE of Mississippi.
No. 89-KA-0529.
Supreme Court of Mississippi.
October 3, 1990.
*278 Ross Parker Simons, Pascagoula, for appellant.
Mike C. Moore, Atty. Gen., Wayne M. Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and ANDERSON, JJ.
PRATHER, Justice, for the Court:
In this case, George "Peanut" Davis was arrested after selling cocaine to two Jackson County Sheriff's Department undercover narcotics agents. At the Jackson County Circuit Court in August 1988, a jury found Davis guilty of distribution of a controlled substance, for which he was sentenced to twenty (20) years imprisonment. Davis appeals and presents three issues.

I.

A. Whether an Inadvertent Remark by a State Witness Was a Reversible Error?

1.
At trial during direct examination, the following exchange occurred between the prosecutor and Ron Cooley, an investigator for the Jackson County Sheriff's Department:
Q... . Were you present when [Davis] was arrested on his indictment charging him with a crime?
A. Yes, sir, I was.
Q. Okay. Would you tell us a little bit about what happened at the arrest?
A. The subject was found in the area of the King Williams Hotel, inside. Officer Bobby Johnson and myself were there. We brought him outside, did the procedures of informing him of the indictments 
At that point, Davis objected and asked that the jury be excused. Judge Lockard excused the jury. Outside the jury's presence, Davis complained that the witness' pluralization of the word, "indictment," constituted "other-crimes evidence." The introduction of such evidence, Davis premised, should result in a mistrial. The judge responded that:
There is no question he [the witness] said he arrested [Davis], he was informing him of the indictments. At this point there's been no emphasis made of other crimes. He simply said he informed him of indictments and was proceeding to follow the usual procedure... . I don't think it's gone far enough to advise the jury of any other crimes. But I will caution both the State and witness, do not mention any other crimes. But I'll overrule the motion [for a mistrial] at this time.
Davis now contends that a mistrial should have been declared, (citing cases in which this Court held that the introduction of *279 "other-crimes evidence" constituted reversible error). Tobias v. State, 472 So.2d 398 (Miss. 1985) (see other cases cited therein). The State counters that the "single, unsolicited, and obviously inadvertent" pluralization of the word, "indictment," hardly compares with the "other-crimes evidence" which was erroneously introduced in the cases cited by Davis. For example, in Massey v. State, this Court reversed and remanded because "the State placed before the jury a mass of testimony blackening the character of appellant and designed to show his guilt of other and former misconduct." 393 So.2d 472, 475 (Miss. 1981) (emphasis added).
The State contends that the facts of the case sub judice are more aligned with the following cases in which this Court declined to cite the error as reversible. For example, in Branch v. State, this Court opined:
Branch further contends that he was prejudiced by the victim's testimony that she was taken to a lineup "for us to identify which one we thought was the suspect or the ." Branch contends that her use of the plural pronoun indicated to the jury that several rape victims had been asked to identify him. He argues that this statement was immaterial and inflammatory, and contends that the judge should have sustained his motion for a mistrial. We disagree. The victim's remarks were evidently inadvertent, and the court instructed her to confine her testimony to her own activities. She made no reference to other rape victims, but merely said "We" instead of "I." Ordinarily, when we have reversed cases because of inflammatory testimony, we have noted a pattern of prosecutorial misconduct as well as clear prejudice to the defendant. See e.g., Tudor v. State, 299 So.2d 682, 685-86 (Miss. 1974). Here, the witness' remarks were totally inadvertent, and we find no indication that they could have prejudiced the defendant.
347 So.2d 957, 959 (Miss. 1977). And in Watson v. State, a witness testified that the defendant "was just telling me he was out of jail... ." This Court, declining to reverse, held that the answer was "unresponsive to the question and there was no purposeful effort or intent on the part of the State to elicit such information from the witness." 521 So.2d 1290, 1294 (Miss. 1988). See also Anderson v. State, 285 So.2d 748, 752 (Miss. 1973) ("We ... conclude that the inadvertent reference to another crime was not reversible error.").

2.
Applying the law to the facts of the case sub judice, this Court declines to reverse. Accord Watson, 521 So.2d at 1294; Branch, 347 So.2d at 959; Anderson, 285 So.2d at 752. The witness' pluralization of the word, "indictment," was an isolated, inadvertent reference to other crimes which should be deemed "without substantial prejudice to the right of appellant to a fair trial." Massey, 393 So.2d at 475. The assignment is without merit.

B. Whether the Trial Judge's Modification of Instruction D-6 Constituted a Reversible Error?

1.
Before reaching the merits of Davis' contention, this Court considers whether Davis' failure to object to Instruction D-6 resulted in a waiver of his right to present the issue on appeal. The State explains that the prosecutor objected to the instruction offered by Davis. In response to the prosecutor's objection, the trial judge amended the instruction by striking a portion of it and then granted it without any objection from Davis. The State contends that Davis' failure to object to the amended version constituted a waiver. Bieller v. State, 275 So.2d 97 (Miss. 1973). Davis did not address this point.
This Court has repeatedly held that failure to object to a jury instruction constitutes a waiver. See, e.g., Barnett v. State, 563 So.2d 1377, 1380 (Miss. 1990); Watson v. State, 483 So.2d 1326, 1329 (Miss. 1989).

2.
Procedural bar aside, this Court rejects Davis' contention on substantive grounds. Instruction D-6, as originally proposed by Davis, provides:

*280 The Court instructs the Jury that in reaching your verdict you are to consider all of the evidence concerning the entire case and the circumstances surrounding the crime. One of the issues in this case is the identification of George Lee Davis as the perpetrator of the crime. As with each element of the crime charged, the State has the burden of proving identity beyond a reasonable doubt, and before you may convict George Lee Davis you must be satisfied beyond a reasonable doubt of the accuracy of the identification of George Lee Davis. If, after considering all of the evidence concerning the crime and the witness' identification of George Lee Davis as the person who committed the crime, you are not convinced beyond a reasonable doubt that he is the person who committed the crime, then you must find him not guilty.
Identification testimony is an expression of belief or impression by the witness. You must judge its value and reliability from the totality of the circumstances surrounding the crime and the subsequent identification. In appraising the identification testimony of a witness, you should consider the following:
1) Did the witness have an adequate opportunity to observe the offender?
2) Did the witness observe the offender with an adequate degree of attention?
3) Did the witness provide an accurate description of the offender after the crime?
4) How certain is the witness of the identification?
5) How much time passed between the crime and the identification?
If, after examining all of the testimony and the evidence, you have a reasonable doubt that George Lee Davis was the person who committed the crime, then you must find George Lee Davis not guilty.
Vol. I, at 18 & 20 (italicization added). The italicized portion of the instruction represents that to which the prosecutor objected and which the trial judge struck. The objection was made "because in one place it tells them to consider all the evidence, and then in the second part of it, it instructs them to consider these certain items as far as identification[; i]t's confusing on those grounds." Vol. II, at 73-74. Davis of course disagrees  albeit he failed to object to the judge's decision to strike the italicized portion.
Davis contends that D-6 instructs the jury "about identification" and, at the same time, "instructs the jury that its verdict should be based on all of the evidence concerning the entire case and the circumstances surrounding the crime." Appellant's Brief at 10 (citing Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); United States v. Telfaire, 469 F.2d 552 (D.C. Cir.1972); Clubb v. State, 350 So.2d 693 (Miss. 1977); Fells v. State, 345 So.2d 618 (Miss. 1977)). Davis adds that D-6 was "an objective and fair attempt to have the jury instructed about the factors which this Court has deemed important in reviewing identification testimony." Appellant's Brief at 10 (citing Turner v. State, 478 So.2d 300, 302 (Miss. 1985); Robinson v. State, 473 So.2d 957, 962 (Miss. 1985)). Davis concludes that the judge's decision violated his constitutional right to a fair trial.
The italicized portion is simply a clarification of the portion which was granted, and the prosecutor's complaint that it made the instruction "confusing" is untenable. The italicized portion was modeled (virtually verbatim) after "model" instructions composed by the District of Columbia Circuit Court of Appeals in Telfaire, 469 F.2d at 558. In short, the italicized portion correctly states our case law and could have been granted. This notwithstanding, this Court finds that the judge's decision was not erroneous. As noted, the italicized portion merely clarified the portion which was granted, and trial judges are "not required" to grant repetitious instructions. See, e.g., Ragan v. State, 318 So.2d 879, 882 (Miss. 1975) ("The trial court is not required to grant several instructions on the same question in a different verbiage.") (citing numerous supportive cases). The deletion was harmless *281 simply because Davis was not prejudiced. Contrary to Davis' unsubstantiated contention, the judge's decision to strike the italicized portion did not adversely affect his right to receive a fair trial. Moreover, Davis' guilt was proved beyond a reasonable doubt by the overwhelming weight of evidence  which leads to the third and final issue. Richardson v. State, 402 So.2d 848 (Miss. 1981) (holding that judge's erroneous refusal to grant instruction was harmless since "identification of appellant as the burglar and his guilt of the crime were proved beyond reasonable doubt by overwhelming weight of evidence").

C. Whether the Verdict was Against Overwhelming Weight of the Evidence

1.
Davis contends that the jury verdict traverses the overwhelming weight of evidence. His contention, however, is wholly devoid of substantiation.
This notwithstanding, the record reveals that on February 10, 1988, at approximately 9:00 p.m., two Jackson County narcotics agents, Ronald Wilson and Ron Cooley, went undercover. They went to the "Carver Village area" and purchased a "rock of crack cocaine" from Davis and another individual. Davis was later arrested and charged with distribution of a controlled substance.
At trial, the prosecutor's evidence included the testimony of both Wilson and Cooley who described the undercover operation and identified Davis as one of the individuals who sold them the cocaine. The prosecutor also introduced a tape recording of the actual drug sale.
Davis' only defense included: (1) his denial that he sold cocaine to the agents, and (2) an attempt to discredit the reliability of Wilson's and Cooley's identification of him as the dealer.

2.
A thorough examination of all evidence and reasonable inferences in a light most favorable to the jury verdict provides no support for Davis' contention. The verdict is not against the overwhelming weight of evidence, and the credibility of the agents' identification of Davis as the individual who sold them cocaine was a question for the jury to resolve.
In sum, this Court may not "pass upon the credibility of witnesses and, where the evidence justifies a verdict, it must be accepted as having been found worthy of belief." Campbell v. State, 278 So.2d 420, 423 (Miss. 1973); see also Powell v. State, 566 So.2d 1228, 1339 (Miss. 1990); Pharr v. State, 465 So.2d 294, 301-02 (Miss. 1984). The verdict should remain undisturbed.

II.
For the foregoing reasons, this Court affirms the conviction and sentence of George Lee Davis a/k/a "Peanut" to twenty (20) years in the Mississippi Department of Corrections.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.