[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 906 
¶ 1. Kiniski Francis was convicted of armed robbery in the Circuit Court of Madison County. Feeling aggrieved by the verdict, he appeals and assigns error to the trial court in seven issues which we quote verbatim from his brief:
 I. THAT THE COURT ERRED WHEN IT OVERRULED DEFENDANT'S OBJECTION WHEN OFFICER EDDIE LEE BROWN STATED HE "KNEW" DEFENDANT.
 II. THAT THE COURT ERRED WHEN IT ALLOWED LT. NATHANIEL WALKER TO TESTIFY CONCERNING STATEMENTS DEFENDANT MADE WITHOUT BEING PROPERLY MIRANDIZED.
 III. THAT THE COURT ERRED WHEN IT OVERRULED DEFENDANT'S OBJECTION TO ADMITTING THE "GUN" INTO EVIDENCE.
 IV. THAT THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION FOR A DIRECTED VERDICT AT THE END OF THE STATE'S CASE-IN-CHIEF.
 V. THAT THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION FOR A DIRECTED VERDICT AT THE END OF DEFENDANT'S CASE.
 VI. THAT THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S REQUESTED JURY INSTRUCTION D-1.
 VII. THAT THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S REQUESTED JURY INSTRUCTION D-12.
We find no reversible error and affirm the judgment of the trial court.
 FACTS
¶ 2. Sharon Wilkes came into her family-owned store around 2:00 p.m. She was confronted by Francis who pulled out a pistol, pointed it in her face, and demanded that she give him all the money in the cash register. She testified that she looked closely at Francis because his face was not concealed and that she knew him from the community. Immediately thereafter, Sharon summoned the police and provided the police with a description of Francis. Officers Linda Nichols and Eddie Brown responded to the call. Within an hour after the police arrived, Francis was brought back to the store where Sharon identified him as the person who robbed the store. Lt. Nathaniel Walker arrested Francis, and upon questioning Francis, Francis led the police to the location of the gun used in the robbery.
 ANALYSIS OF THE ISSUES PRESENTED 1. Objection to the Testimony of Officer Brown
¶ 3. Francis contends that it was impermissible to allow the testimony of Officer Brown who testified that he knew Francis prior to the day of the robbery. Francis argues that this testimony tended to suggest to the jury that he had committed other crimes. We disagree. Officer Brown did not state how he knew Francis *Page 907 
nor did he testify about any past episode with Francis. This assignment of error is utterly without merit.
 2. Admission of Francis's Statement
¶ 4. Francis argues that the court erred in admitting his statement because he did not sign the portion of the "Warning of Rights" form indicating that he had read the statement of his rights, that it had been read to him, and that he understood what his rights were. Our review of the form reveals that while Francis did not sign the portion of the "Warning of Rights" form that he complains of, he did in fact, however, sign the waiver portion of the form which reads as follows:
 I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me, and no pressure or force of any kind has been used against me. I hereby voluntarily and intentionally waive my rights and I am willing to make a statement and answer questions.
¶ 5. A Miranda waiver does not have to be in writing. Woodward v.State, 533 So.2d 418, 429 (Miss. 1988) (citing North Carolina v. Butler,441 U.S. 369 (1979)). A statement is admissible as long as the accused has been afforded the protection of the Miranda warning and then knowingly and intelligently waives his rights and freely and voluntarily makes the statement. Moore v. State, 493 So.2d 1301, 1303 (Miss. 1986) (citing Edwards v. Arizona, 451 U.S. 477, 486 n. 9 (1981)). Whether or not a Miranda waiver is valid is a question of fact that is to be decided by the trial court based on the totality of the circumstances. Hemingwayv. State, 483 So.2d 1335, 1336 (Miss. 1986) (citing Neal v. State,451 So.2d 743 (Miss. 1984)). The trial court's decision in this regard will not be set aside unless there is an abuse of discretion. We find none in this instance.
 3. Admission of the Gun into Evidence
¶ 6. Francis's attack on the admission of the gun into evidence is twofold. First, he argues that the gun is the fruit of the poisonous tree because it was discovered as a result of his confession which, according to him, was taken illegally for want of a valid waiver. Secondly, Francis argues that it was error to admit the gun into evidence because of the absence of a proper predicate. More specifically, Francis argues that the State failed to prove the chain of custody for admission of the gun.
¶ 7. The trial judge is empowered with the discretion to consider and to decide what evidence is admissible, and "unless this judicial discretion is so abused as to be prejudicial to the accused," then, the ruling of the lower court must be affirmed. Graves v. State, 492 So.2d 562, 565 (Miss. 1986) (citing Shearer v. State, 423 So.2d 824, 826 (Miss. 1983)).
¶ 8. We have already discussed Francis's contention that his confession was obtained illegally. Therefore, we will not address that matter further. It is sufficient to say that Francis's argument that the gun was fruit of the poisonous tree is totally without merit. Francis's second attack on admission of the gun, which is premised on the fact that Wilkes could not determine whether the gun was a revolver or an automatic, is an unpersuasive argument. The victim, Sharon Wilkes, identified the gun in evidence as identical to the one used in the robbery. Additionally, Lt. Walker also testified that the gun entered into evidence was the one he recovered with the assistance of Francis; therefore, we find no error in the trial court's admission of the gun. *Page 908 
 4. The Sufficiency of the Evidence
¶ 9. Francis argues in his fourth, fifth, and sixth assignments of error that the trial court erred when it denied his various motions at different times challenging the legal sufficiency of the evidence. The standard for assessing the legal sufficiency of the evidence on a motion for a directed verdict requires that the judge is to accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn, and to disregard evidence favorable to the defendant. McClain v. State, 625 So.2d 774, 778 (Miss. 1993) (citing Wetzv. State, 503 So.2d 803, 808 (Miss. 1987); Hammond v. State,465 So.2d 1031, 1035 (Miss. 1985)). This Court is only allowed to reverse where one or more elements of the offense have not been proven, and the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. Id. In our opinion, Sharon Wilkes's testimony established all of the elements of armed robbery and established that Francis was the robber. We find that the court acted correctly in denying Francis's motion for a directed verdict at the conclusion of the State's case, in denying Francis's motion for a directed verdict at the conclusion of the entire case, and in denying Francis's motion for a peremptory jury instruction. Moreover, when Francis put on testimony following the conclusion of the State's case, he waived the right to complain about the refusal of the trial court to grant his motion for a directed verdict at the conclusion of the State's case. Warren v. State,709 So.2d 415 (¶ 14) (Miss. 1998).
 5. Jury Instruction D-12
¶ 10. Francis argues that, because there was only one witness to the robbery, the trial court erred in refusing to grant an identification jury instruction. The standard applicable for reviewing jury instructions is as follows:
 In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.
Coleman v. State, 697 So.2d 777, 782 (Miss. 1997) (citing Collinsv. State, 691 So.2d 918 (Miss. 1997)). Applying this standard of review to this case, we find the circuit court acted properly in its decision.
¶ 11. Francis, citing Davis v. State, 568 So.2d 277 (Miss. 1990), and Warren, reasons that it was error not to grant him an identification instruction. In Davis, the trial judge struck a portion of the identification instruction requested by Davis. Davis, 568 So.2d at 280. On appeal, the Mississippi Supreme Court held that, although the stricken portion of the instruction accurately stated the law and could have been granted, the failure to grant the entire instruction was harmless error because the deleted portion simply clarified that portion that was granted, and Davis's guilt was proven "beyond a reasonable doubt by the overwhelming weight of [the] evidence." Id. at 280-281.
¶ 12. In Warren, the trial court refused to allow identification instructions. On appeal, the Mississippi Supreme Court held that the trial court's failure to instruct the jury on the law of identification was reversible error because the case turned on the identification of Warren by a single witness. Warren, 709 So.2d at 421 (¶ 28). Here, the distinction is that the identification did not rest solely on the testimony of Wilkes. Francis also disclosed to Lt. Walker where he had hidden the gun used to commit the robbery and led the police to that location. The trial court committed *Page 909 
no error in failing to give an identification instruction.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OFCONVICTION OF ARMED ROBBERY AND SENTENCE OF FIFTY YEARS IN THE CUSTODY OFTHE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST TWENTY-FIVE YEARSSUSPENDED IS AFFIRMED. ALL COSTS ARE ASSESSED TO MADISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE, MYERSAND CHANDLER, JJ., CONCUR.