806 So.2d 333 (2002)
Horatio WALTON a/k/a Heratio Walton, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00918-COA.
Court of Appeals of Mississippi.
January 29, 2002.
John A. Howell, Picayune, for Appellant.
*334 Office of the Attorney General by John R. Henry Jr., for Appellee.
Before KING, P.J., BRIDGES, and IRVING, JJ.
IRVING, J., for the court.
¶ 1. Horatio Walton appeals from a jury verdict and judgment of conviction rendered in the Circuit Court of Pearl River County for the sale of a controlled substance. In this appeal, his single issue for review is whether the trial court erred in denying his motion for a mistrial because of improper comments made by the prosecutor during closing arguments. We find that the comments do not warrant reversal; therefore, we affirm.

FACTS
¶ 2. On October 9, 1998, in the city of Picayune, Mississippi, Heratio Walton sold $40 worth of crack cocaine to Susan Taylor, an undercover officer with the Mississippi Bureau of Narcotics. He was arrested and subsequently indicted and tried for this sale. During the closing arguments of Walton's trial, the prosecutor made the following statement:
You heard Susan Taylor talk about the fact that the man came up, he asked me, he told me to back up, I backed up. He came down the side of the vehicle. He walked around the front, wanted to come to the other side. You and I know why he wants to do that, probably sold before or something else in there is a situation where he's trying to get to where he can't be seen by
(emphasis added). Walton's counsel objected to the statement and moved for a mistrial. The trial judge denied the motion, but instructed the jury to disregard the statement and focus on the evidence.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 3. Walton argues that the prosecutor's comment was improper for two reasons. First, the prosecutor commented on matters not in evidence. Secondly, the comments referred to bad acts or other crimes which would be inadmissible if the State had offered them as evidence. Walton correctly contends that, according to Mississippi Rules of Evidence 403 and 404, evidence of other bad acts is generally not admissible. Moreover, Walton notes that no other evidence of any other drug activities was before the court. Walton was not charged as a habitual offender.
¶ 4. The standard of review for denial of motion for mistrial is abuse of discretion. Gossett v. State, 660 So.2d 1285, 1290-91 (Miss.1995). The determination of whether to grant such a motion is within the sound discretion of the trial court. Ladner v. State, 584 So.2d 743, 753 (Miss.1991). "When an objection is sustained, and the trial judge admonishes the jury to disregard the statement, this Court will usually find no error, absent unusual circumstances." Pulphus v. State, 782 So.2d 1220 (¶ 10) (Miss.2001) (citing Spann v. State, 771 So.2d 883 (¶ 13) (Miss.2000)).
¶ 5. Following Walton's objection, the trial judge issued the following directive to the jury:
THE COURT: To the members of the jury, the statement made as to what Mr. Kittrell's opinion about what the defendant has probably done before is improper comment of counsel. And y'all have been instructed there is no evidence to support counsel's comment, you are to disregard them. And I admonish the members of the jury to disregard that. You're here to try the case on the evidence on this particular case and not what counsel might speculate has happened or subsequent.
*335 The judge's admonition to the jury occurred immediately after Walton's objection. As shown in the admonition that was given, the jury was told to disregard the prosecutor's comment. Additionally, each member of the jury assured the court that they would disregard the statement. We agree with the State in its recognition that the prosecutor's statement should never have been made but does not rise to a level of prejudice which would justify a mistrial. When the court has properly instructed a jury, the presumption is that jurors will follow the court's instructions. Crenshaw v. State, 520 So.2d 131, 134 (Miss.1988). There is no reason to find that the jury did not do so here. We find that the trial court did not abuse its discretion in denying Walton's motion for mistrial. Therefore, we affirm.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY OF CONVICTION OF SALE OR TRANSFER OF A SCHEDULE II CONTROLLED SUBSTANCE (COCAINE) AND SENTENCE OF TWENTY FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TEN YEARS SUSPENDED ON POST RELEASE SUPERVISION, AND PAY FINE OF $3,000 IS AFFIRMED. ALL COSTS ARE ASSESSED TO PEARL RIVER COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER and BRANTLEY, JJ., concur.