LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On September 25, 2002, Dorothy Asmus’s wallet was stolen while she was playing a slot machine at the Copa Casino in Gulfport, Mississippi. Asmus, while yelling, “He’s got my wallet,” chased the man. After losing sight of the man momentarily, she found that the casino security guards had apprehended the man, later determined to be Earl Moore, Jr. Asmus identified Moore as the man who stole her wallet. Tommy Davis, a security supervisor for the casino, heard As-mus scream, saw Moore running, and proceeded to chase after and apprehend Moore. Davis stated that Asmus’s wallet was not found on Moore. After reviewing the video surveillance footage of the casino, the authorities were able to determine that Moore, while running from As-mus and security personnel, threw the wallet into a trash can. The particular trash can was emptied and Asmus’s wallet was recovered.
¶2. On March 9, 2004, in the Harrison County Circuit Court, Moore was tried and convicted of grand larceny. Moore was sentenced as an habitual offender to serve five years in the custody of the Mississippi *1038 Department of Corrections. From this conviction Moore appeals to this Court, asserting that the trial court erred in admitting into evidence the video surveillance footage. Finding no error, we affirm.
DISCUSSION
I. WAS THE VIDEOTAPE PROPERLY ADMITTED INTO EVIDENCE?
¶ 3. In his only issue on appeal, Moore argues that the video surveillance tape should not have been admitted into evidence. Specifically, Moore contends that the videotape was not properly authenticated. The standard of review of a trial court’s admission of evidence is abuse of discretion. Robinson v. State, 758 So.2d 480, 488(¶ 31) (Miss.Ct.App.2000). “The trial judge is empowered with the discretion to consider and to decide what evidence is admissible, and ‘unless this judicial discretion is so abused as to be prejudicial to the accused,’ then the ruling of the lower court must be affirmed.” Francis v. State, 791 So.2d 904, 907(¶ 7) (Miss.Ct.App.2001) (quoting Graves v. State, 492 So.2d 562, 565 (Miss.1986)).
¶ 4. Rule 901(b)(1) of the Mississippi Rules of Evidence provides that authentication can be accomplished by testimony from someone familiar with and with knowledge of the contents of the document or recording. Davis testified that he viewed the surveillance tape in order to ascertain where Moore deposited Asmus’s wallet. Davis also stated that he viewed the tape before the trial and it was in the same condition as when he viewed it at the time of the incident. Although Davis did not physically control the actual taping process, there was testimony that Davis ordered the surveillance operators to find the videotape which corresponded with the area where the incident occurred. Davis was familiar with the scene of the incident and testified as to what the videotape depicted. We cannot find any abuse of discretion on the part of the trial court in allowing the videotape into evidence.
¶ 5. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.