ISHEE, J.,
for the Court.
¶ 1. On June 11, 2004, Cedric Watson was arrested for possession of cocaine. He was convicted and sentenced to life in prison by the Circuit Court of Lincoln County, Mississippi. Watson alleges that the trial court erred in not granting a mistrial and for failing to direct a verdict in his favor on account of an alleged discrepancy in the weight of the cocaine seized. Aggrieved by the decision, Watson appeals. Finding no error, we affirm.
FACTS
¶ 2. Watson was convicted for possession of cocaine on June 20, 2005. The facts are not in dispute; however, he contends that the prosecution was in violation of Rule 404(b) of the Mississippi Rules of Evidence when, on cross-examination, Officer John Douglas was asked why Watson had previously been an informant. Watson had previously been an informant because of an earlier arrest and he alleges that this questioning was improper because it concerned a prior bad act and that it was being used to show that he acted in conformity therewith. The prosecution argued that the defense opened the door to this line of questioning when it asked Officer Douglas about Watson’s work as a confidential informant.
¶ 3. The crime laboratory found the weight of the cocaine to be 6.7 grams and the officer’s report from the field test stat *883 ed that 3.03 grams had been seized. Watson asserts that the trial court erred in refusing to direct a verdict in his favor.
¶ 4. Aggrieved by the decision, Watson appeals. He presents the following issues for this Court’s review: (1) whether the circuit court erred in not declaring a mistrial because of the prosecution’s questioning of Officer Douglas; (2) whether the court erred in refusing to grant a directed verdict because of the inconsistency between the field report and the lab report.
STANDARD OF REVIEW
¶ 5. The standard of review for denial of a motion for mistrial is abuse of discretion. Walton v. State, 806 So.2d 333, 334(¶ 4) (Miss.Ct.App.2002) (citing Gossett v. State, 660 So.2d 1285, 1290-91 (Miss.1995)). Whether to grant such a motion for a mistrial is within the sound discretion of the trial court. Id. (citing Ladner v. State, 584 So.2d 743, 753 (Miss.1991)). “[W]hen an objection is sustained, and the trial judge admonishes the jury to disregard the statement, this Court will usually find no error, absent unusual circumstances.” Id. (quoting Pulphus v. State, 782 So.2d 1220, 1223(¶ 10) (Miss.2001)).
¶ 6. A motion for directed verdict challenges the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). When reviewing the trial court’s denial of a motion for directed verdict, we consider the evidence in the light most favorable to the prosecution. Dilworth v. State, 909 So.2d 731, 736(¶ 17) (Miss.2005) (citing Carr v. State, 208 So.2d 886, 889 (Miss.1968)). Reversal on the issue of legal sufficiency can only occur when evidence of one or more of the elements of the charged offense are such that “reasonable and fair-minded jurors could only find the accused not guilty.” Purnell v. State, 878 So.2d 124, 129(¶ 14) (Miss.Ct.App.2004) (citing Hawthorne v. State, 835 So.2d 14, 21(¶ 31) (Miss.2003)). However, where substantial evidence of such quality and weight exists to support the verdict, and where reasonable and fair-minded jurors may have found the appellant guilty, we must affirm the judgment of the trial court. McClendon v. State, 852 So.2d 43, 47(¶ 11) (Miss.Ct.App.2002) (citing Baker v. State, 802 So.2d 77, 81 (¶ 13) (Miss.2001)).
ISSUES AND ANALYSIS
I. Whether the circuit court erred in refusing to declare a mistrial because of the prosecution’s questioning of Officer Douglas.
¶ 7. Watson argues that the prosecution violated Rule 404(b) of the Mississippi Rules of Evidence. We disagree. He claims that this transpired when the prosecution asked Officer John Douglas of the Brookhaven Police Department why Watson had been used as an informant in the past. The defense must be responsible for “opening the door” before the State is entitled to enter. McGee v. State, 853 So.2d 125, 131(¶ 13) (Miss.Ct.App.2003). After reviewing the record, we find that the defense clearly opened the door to this line of questioning by asking Officer Douglas if Watson had worked as an informant in the past and whether or not the department had successful results. Thus, the trial court did not err in refusing to declare a mistrial. In addition, the trial court instructed the jury not to consider this testimony in any way when determining whether or not Watson is guilty. This issue is without merit.
II. Whether the court erred in refusing to grant a directed verdict because of the inconsistency of the field report and the lab report.
*884 ¶ 8. Viewing the evidence introduced at trial in a light most favorable to the State and the guilty verdict, there is sufficient evidence to overcome Watson’s motions for a directed verdict and JNOV. This Court is not allowed to “pass upon the credibility of witnesses and, where the evidence justifies a verdict, it must be accepted as having been found worthy of belief.” Davis v. State, 568 So.2d 277, 281 (Miss.1990). Issues concerning the weight and credibility of evidence are to be determined by a jury. Harveston v. State, 493 So.2d 365, 370 (Miss.1986). In the case at bar, the jury heard the testimony of the witnesses and made a decision based upon what they heard. The jury decided how much emphasis to place on the discrepancy between the two reports. We are in no position to disturb its finding. Therefore, this issue is without merit.
¶ 9. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, AND ROBERTS, JJ., CONCUR.