# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-00176-COA

**MARK HICKS**                                                                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                         **APPELLEE**

DATE OF JUDGMENT:            01/11/2018
TRIAL JUDGE:                 HON. STANLEY ALEX SOREY
COURT FROM WHICH APPEALED:   SIMPSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                             BY: W. DANIEL HINCHCLIFF
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: BILLY L. GORE
DISTRICT ATTORNEY:           MICHAEL GUEST
NATURE OF THE CASE:          CRIMINAL - FELONY
DISPOSITION:                 AFFIRMED - 04/23/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Mark Hicks appeals from his conviction in the Simpson County Circuit Court of

possession of stolen property as a habitual offender.  Hicks argues that the circuit court

improperly allowed evidence of past crimes in violation of Rule 404(b) of the Mississippi

Rules of Evidence.  After review of the record, we find that the court did not err, and we

affirm.

## FACTS

¶2.     In April 2015, a truck was stolen from Stamper Trucking Company in Louisiana.

Seventeen days after the truck was stolen, the Simpson County Sheriff's Department

executed an arrest warrant from Rankin County on Hicks. While executing the warrant, Investigator Bryan Buckley and Deputy Joe Andrews discovered the stolen truck. The truck was running, and Hicks was beside the vehicle.

¶3. Hicks denied that the truck was stolen and claimed that he owned the truck, but the ignition was dislodged from the dashboard and was hot wired. And the truck had "R. Stamper" painted on the door. Hicks was arrested and taken into custody.

¶4. At a pretrial hearing, Hicks's counsel orally presented a filed motion in limine to "prohibit introduction of any kind of evidence of other crimes or bad character" of Hicks. As part of this motion, Hicks wanted to exclude from the jury any evidence of why the deputies were with Hicks the night he was arrested. The State argued that it was "entitled to be able to tell its story of events" but that "[the State] is not going to specifically bring up the incident in Rankin County," where the arrest warrant for Hicks was issued. The court ruled that the deputies would only testify that the reason they were at Hicks's home was because "there [was] a warrant from another county."

¶5. At trial, the State questioned Deputy Andrews about how he met Hicks:

> Q. Okay. If you would, tell us how you came to have contact with Mr. Hicks on that day.
>
> A. We were looking for Mr. Hicks to serve an arrest warrant from another county.

This testimony was in direct violation of the circuit court's initial ruling because the warrant was characterized as an "arrest warrant." Yet Hicks's counsel did not object. Again, when

2

the State questioned Investigator Buckley, he mentioned that the warrant was for an arrest:

> Q.    If you would, tell the jury how it is that you came to have contact with Mr. Hicks.
>
> A.    We went to Mr. Hicks's residence to serve an arrest warrant for Rankin County.

Hicks's counsel still did not object.

¶6.    The jury initially claimed to be deadlocked and unable to reach a verdict. After the court read the *Sharplin*[1] charge, the jury returned less than thirty minutes later with a unanimous guilty verdict. Hicks was sentenced as a habitual offender in accordance with Mississippi Code Annotated section 99-19-81 (Rev. 2007) to serve five years in the custody of the Mississippi Department of Corrections.

¶7.    Hicks filed a motion for a judgment notwithstanding the verdict or, alternatively, for a new trial, without individual grounds for relief. The circuit court denied the motion. It is from this judgment that Hicks now appeals.

## DISCUSSION

¶8.    Hicks's sole issue on appeal considers the use of the term "arrest" to describe the warrant that Deputy Andrews and Investigator Buckley served the day of the arrest. Hicks argues that this description directly violated Rule 404(b) of the Mississippi Rules of Evidence and unfairly prejudiced the jury against him. "The trial judge is empowered with the discretion to consider and to decide what evidence is admissible, and 'unless this judicial

---

[1] *Sharplin v. State*, 330 So. 2d 591 (Miss. 1976).

3

discretion is so abused as to be prejudicial to the accused,' then the ruling of the lower court must be affirmed." *Moore v. State*, 911 So. 2d 1037, 1038 (¶3) (Miss. Ct. App. 2005) (quoting *Francis v. State*, 791 So. 2d 904, 907 (¶7) (Miss. Ct. App. 2001)). When this Court reviews an evidentiary decision of the trial court, we do so based on an abuse of discretion standard. *Id*. (citing *Robinson v. State*, 758 So. 2d 480, 488 (¶31) (Miss. Ct. App. 2000)).

¶9. Rule 404(b) provides that evidence of prior crimes cannot be introduced for fear that the defendant will be judged by the jury based on those past crimes and not the crime for which the defendant actually stands trial. Specifically, the rule provides:

> (1)  Prohibited Uses - Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

M.R.E. 404(b)(1). This type of "propensity evidence" cannot be offered to show that because Hicks may have committed crimes in the past he must have committed the charged offense.

¶10. The State argues that Hicks's claim is barred because he did not make a contemporaneous objection. We agree. Under Mississippi Rule of Evidence 103, error is usually preserved for appeal once a motion to strike or limit the evidence is filed, heard, and definitively ruled upon by the court. The Mississippi Supreme Court has held that:

> [p]resentation of issues by means of motions in limine offers opportunities to expedite trials, eliminate bench conferences, avoid juror annoyance and permit more accurate rulings. When, as here, a specific evidentiary issue is presented to the trial court in advance of trial, the primary purpose of the contemporaneous objection rule – to permit the trial court to accurately evaluate the legal issues and to enable the appellate courts to apprehend the

4

basis of the objection – are satisfied. Requiring an additional formal objection and ruling in all cases would undermine the benefits provided by the motion in limine procedure. We conclude that under the circumstances of this case, where the issue of the admissibility of the specific evidence was fully argued to the trial court on the same grounds argued by the non-prevailing party on appeal, the plaintiff's motion in limine constituted a timely objection for purposes of [Mississippi Rule of Evidence] 103(a)(1).

*Lacy v. State*, 700 So. 2d 602, 606 (¶12) (Miss. 1997).[2] However, the advisory committee note to Rule 103(c) states that:

[i]f the court changes its initial ruling, or **if the opposing party violates the terms of the initial ruling**, objection must be made when the evidence is offered to preserve the claim of error for appeal. The error, if any, in such a situation occurs only when the evidence is offered and admitted. Subdivision (c) does not apply to rulings other than those admitting or excluding evidence, such as rulings regarding, for example, the conduct of opening statements or closing arguments.

(Emphasis added).

¶11. Furthermore, the Fifth Circuit of the United States Court of Appeals has recognized that an "objection is required to preserve error when an opponent, or the court itself, violates a motion in limine that was granted." *Collins v. Wayne Corp.*, 621 F.2d 777, 785-86 (5th Cir. 1980). While not binding on this Court, this ruling provides insight to our advisory notes.[3] The *Collins* Court went on to explain that the rule "is necessary to conserve judicial resources. Had plaintiffs' counsel promptly objected to the violations of the motion in limine

---

[2] Since 2016, as a result of restyling, Rule 103(a)(1) is now Rule 103(c). The substance and the form of the rule remained the same.

[3] We can lean on the Federal Rules of Evidence and its interpretation for guidance because the Mississippi Supreme Court restyled our Mississippi Rules of Evidence to be consistent with the Federal Rules in 2016.

5

. . . the trial court could have either avoided the violations or given an instruction to cure any harm suffered by the plaintiffs." *Id.* "The courts cannot adopt a rule that would permit counsel to sit silently when an error is committed at trial with the hope that they will get a new trial because of that error if they lose." *Id.* We agree.

¶12.    Accordingly, Hicks's counsel should have made an objection when both witnesses for the state uttered the words "arrest warrant" as opposed to just "warrant." Because Hicks failed to contemporaneously object once the witnesses violated the Court's initial ruling, he did not preserve this issue, and it is now barred on appeal. Although this issue is dispositive of the appeal, we will briefly discuss the admission of evidence under Rule 404(b) and whether the defense "opened the door."

¶13.    Hicks's flagship argument further states that the admission of evidence of Hicks's encounter with the police as a result of an arrest warrant from another county was error because it is prohibited by Rule 404(b). "Evidence of prior offenses committed by a defendant, not resulting in conviction, is generally inadmissible either for impeachment purposes or as part of State's case in chief." *Underwood v. State*, 708 So. 2d 18, 32 (¶41) (Miss. 1998); *see also Rose v. State*, 556 So. 2d 728, 731 (Miss. 1990). Arrest warrants certainly entail the introduction into evidence of other bad acts.

¶14.    But, the Mississippi Supreme Court allows admission of certain evidence and has stated that "evidence of other crimes or bad acts [are] admissible in order to tell the complete story so as to not confuse the jury." *Id.* Further, the supreme court reasoned that even "if

prior bad acts evidence falls within a 404(b) exception, its prejudicial effect must still be weighed against its probative value to determine admissibility under [Mississippi Rule of Evidence] 403." *Id.*

¶15. In this present case, it was not error to allow the testimony regarding the arrest warrant. The deputies testified about the warrant to explain the story of how they encountered Hicks and the stolen vehicle in the first place, not to prove Hicks's character nor that he acted in conformity therewith.

¶16. Finally, the State argues that any error incurred by allowing the deputies' testimonies to be admitted was harmless because the defense opened the door through Hicks's nephew, Troy. We disagree. Troy testified that Simpson County deputies came to his house and arrested Hicks. Troy's testimony consisted of his personal knowledge because he only testified about *seeing* his uncle being arrested. He never mentioned an actual warrant for arrest.

## CONCLUSION

¶17. After review of the record, we find no error in the circuit court's decision allowing the Simpson County deputies to testify about Hicks's arrest warrant because Hicks failed to make a contemporaneous objection when the court's initial ruling was violated.

¶18. **AFFIRMED.**

  **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL, LAWRENCE AND C. WILSON, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION, JOINED BY McDONALD, J.**

**McCARTY, J., CONCURRING IN PART AND IN RESULT:**

¶19.    While I agree with the majority that the conviction should be affirmed because it was ultimately not error for the jury to hear the evidence of other bad acts, I cannot agree that the issue was not sufficiently preserved for appeal.  Both the plain language of our Rules of Evidence and Supreme Court precedent set out that error is preserved for appeal once a motion in limine has been granted or denied.

¶20.    On its face Rule 103 explains that "[o]nce the court rules definitely on the record either before or at trial . . . a party *need not renew an objection* or offer of proof *to preserve a claim of error for appeal*." M.R.E. 103(c)(1) (emphasis added).  That plain rule should end our inquiry on the matter.

¶21.    Precedent confirms the plain language of the Rule and explains that by requiring a further objection, the very point of a motion in limine is frustrated.  In *Kettle*, the defendant filed a motion in limine to keep out a laboratory report, and the motion was denied.  *Kettle v. State*, 641 So. 2d 746, 747 (Miss. 1994).  During trial, the report was introduced, and the defendant did not renew his objection.  *Id*.  On appeal, the State argued "that by failing to object, [the defendant] has waived the error in introducing the laboratory report." *Id*. at 748.

¶22.    The Supreme Court disagreed and determined that "[w]hile it would have been preferable, and by far the safer practice for Kettle to have renewed his objection, we find the error in this case was sufficiently preserved by language of the motion in limine . . . ." *Id.*

¶23.    The *Kettle* Court went on to quote approvingly from an opinion from another state to

8

explain why the objection did not have to be resumed. *Id*. "When, as here, a specific evidentiary issue is presented to the trial court in advance of trial, the primary purposes of the contemporaneous objection rule—to permit the trial court to accurately evaluate the legal issues and to enable the appellate court to apprehend the basis of the objection—are satisfied." *Id*. "Requiring an additional formal objection and ruling in all cases would undermine the benefits provided by the motion in limine procedure." *Id.* The core point is therefore established: the parties had the opportunity to debate a point of admission or exclusion of evidence, and the trial court had an opportunity to review the issue for purposes of admissibility. *Id*. After all, an objection is needed to flag an issue for appellate review, and that purpose is fulfilled by obtaining a ruling on a motion in limine—itself being just a pretrial ruling on admissibility or exclusion.

¶24.    Under the clear precedent of *Kettle*, a further objection during trial is simply not required. *Accord Goff v. State*, 14 So. 3d 625, 640 (¶46) (Miss. 2009) ("This Court has held that a defendant's motion in limine regarding the introduction of evidence properly preserved the issue for appeal, and an objection was not necessary.") (citing *Kettle*, 641 So. 2d at 748); *Jenkins v. State*, 102 So. 3d 1063, 1066 n.1 (Miss. 2012) ("While a motion in limine can be sufficient to preserve an issue for appeal even without a contemporaneous objection during trial, a motion in limine is not required in advance of all objections to the admission of evidence to be made at trial."); *accord Reyes v. Mo. Pac. R. Co.*, 589 F.2d 791, 793 n.2 (5th Cir. 1979) ("Error was sufficiently preserved by making the motion in limine.").

¶25. Although the majority notes correctly that the Advisory Committee Note to Rule 103 cautions an objection must be renewed if an order on a motion in limine is violated during trial, those Notes are not binding on this Court. Indeed, as of 2016, the authoritative nature of that back matter (formerly Comments) was conclusively lowered by an order by the Supreme Court. "When the Court adopted the Mississippi Rules of Evidence effective January 1, 1986, it also adopted the comments appended to each rule as the 'Official Comments of the Court,'" and the "comments were to serve as 'authoritative guides' for interpreting the Mississippi Rules of Evidence." Order Substituting Advisory Committee Notes for Comments, No. 89-R-99002-SCT, at 1-2 (Miss. June 16, 2016). Yet after that point, the Court decreed that the Notes "should not represent the 'Official Comments of the Court' or serve as 'authoritative guides' for interpreting the Mississippi Rules of Evidence." *Id*. The Court explained, "Instead, we find that the comments should be renamed Advisory Committee Notes and represent commentary from the Advisory Committee on Rules, whose members represent the bench, bar, and the law schools of this state." *Id*.

¶26. So while certainly useful, we are not required to rely upon the Notes. Indeed, in light of the plain language of Rule 103 itself, the precedent of *Kettle*, *Goff*, *Jenkins*, and the Fifth Circuit's interpretation of the issue, the Advisory Committee Note is plainly wrong on this specific point.

¶27. For these reasons, I believe the issue was sufficiently preserved for appeal.

**McDONALD, J., JOINS THIS OPINION.**

10