582 So.2d 431 (1991)
Faye WALKER
v.
Alan D. GRAHAM and City of Jackson, Mississippi.
No. 90-CA-0084.
Supreme Court of Mississippi.
June 26, 1991.
Steve Younger, Jackson, for appellant.
Matthew M. Moore, Jackson, for appellees.
Before DAN M. LEE, P.J., and BANKS and McRAE, JJ.
McRAE, Justice, for the Court:
This is a wrongful death case tried before Honorable Taylor M. Sledge, Circuit Judge, First Judicial District, Hinds County, in which a jury returned a defendant's verdict. We affirm. The plaintiffs and defendants were represented by Steven Younger and Matthew Moore of Jackson, respectively.
This unfortunate collision occurred at the four-lane intersection of Briarwood and Frontage Road in Jackson, Mississippi. A city fire truck was responding to an emergency call and as it approached the intersection, the light turned red. The defendant, Graham, and his captain, riding in the cab of the truck, stated they thought the intersection was clear and proceeded into it at an approximate speed of 10-20 miles per hour. They were traveling east on Briarwood. At the same time, the decedent, Weeks, was traveling south on Frontage Road and had the green light. The fire truck proceeded into the intersection and broadsided the Weeks vehicle. A short time later, Weeks died in the hospital. Witnesses at the scene of the accident gave various speeds to the fire truck from 35 to 45 miles per hour, stating that it never slowed prior to entering the intersection. *432 The fire truck collided into the right side of the Weeks vehicle causing it to come to a rest approximately 105 feet from the point of impact.
Walker, decedent's sister, appeals to this Court and raises three issues in which she wishes the Court to "find the key" to reverse the lower court's judgment. The issues raised are as follows:
(1) The court erred by excluding photographs offered by the plaintiff that showed the deceased in the morgue.
(2) The court erred by granting the defendants a right-of-way instruction patterned after Miss. Code Ann. § 63-3-315 and § 63-3-809 (1972) because no emergency existed.
(3) The jury's verdict was against the overwhelming weight of the evidence.
Initially, it is important to remember that the function of an appellate court is to see that both sides are given a fair trial. This does not mean a trial that is completely without error.

I.
Appellant argues as its first "key" to reversal that the photographs taken in the morgue should have been introduced to show the severity of the injuries to the decedent in order to show that the defendant driver was traveling more than 10 to 20 mph. The record is not clear on this point but it appears that the judge ruled the photos were irrelevant and inflammatory.
Mississippi Rules of Evidence govern the introduction of photographs both in civil and criminal cases. This Court has allowed gross photographs of victims in criminal cases and in capital murder cases similar to the ones in this case and has said that this is not prejudicial. Mackbee v. State, 575 So.2d 16, 31 (Miss. 1990); Stringer v. State, 548 So.2d 125, 134 (Miss. 1989).
However, the admission or exclusion of evidence, photographs in particular, is within the sound discretion of the trial court and that decision will be upheld unless there is an abuse of discretion. Motorola Com. & Electronics v. Wilkerson, 555 So.2d 713 (Miss. 1989); Williams v. State, 544 So.2d 782, 785 (Miss. 1987). We cannot find that the trial court abused its discretion in this case as there was ample testimony and evidence from other witnesses to show that the fire truck was exceeding the 10 to 20 mph as expressed by the driver. This issue is without merit.

II.
Appellant next attempts to provide this Court with the "key" to reverse by challenging the appellee's right-of-way instruction. In Andrews v. Jitney Jungle Stores, Inc., 537 So.2d 447 (Miss. 1989), this Court said that emergency vehicles must yield at controlled intersections to the traffic signals and should proceed with caution after it is safe to do so. See, Miss. Code Ann. § 63-3-809 (1972).
A review of the record in this case shows that the appellant made no objection to any of the defense instructions. A review of the transcript on page 181 shows the following:
THE COURT: What about the defense's? [instructions]
MR. YOUNGER: I have no objections.
A further review of the record shows that the appellant failed to request a peremptory instruction or raise any objections to the defense instructions in her motion for a new trial. As a result, the appellant has waived her objection now presented on appeal. See Moawad v. State, 531 So.2d 632, 635 (Miss. 1988); Billiot v. State, 454 So.2d 445, 462 (Miss. 1984).

III.
Appellant's "final key" to reverse is that the jury's verdict was against the overwhelming weight of the evidence. This Court finds that there is substantial evidence to support the jury verdict. This Court further recognizes that this issue is rarely grounds for reversal as there is usually evidence sufficient enough to present a jury issue. See Wells Fargo Armored Service Corp. v. Turner, 543 So.2d 154, 157 (Miss. 1989).
*433 The appellate court's role is to see that there is a fair trial given to both sides. We are not result oriented. The Court will not be the thirteenth juror. Bell v. City of Bay St. Louis, 467 So.2d 657, 660 (Miss. 1985); Stubblefield v. Jesco, 464 So.2d 47, 54 (Miss. 1984).
While certain justices on this Court may have decided the case differently if they were on the jury, this is not the appellate court's role. This Court, having not been given any "key" or "keys" to unlock the lower court's judgment, is compelled to affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.