641 So.2d 746 (1994)
Jerry KETTLE a/k/a Gerald Kettle
v.
STATE of Mississippi.
No. 91-KA-00686.
Supreme Court of Mississippi.
June 30, 1994.
As Modified on Grant of Motion for Modification and Clarification September 8, 1994.
*747 Thomas L. Rosenblatt, Woodville, for appellant.
Michael C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, C.J., and McRAE and JAMES L. ROBERTS, JR., JJ.
HAWKINS, Chief Justice, for the Court:
Jerry, a/k/a "Gerald" Kettle has appealed his conviction in the circuit court of Wilkinson County of the sale of cocaine and sentence to twenty (20) years' imprisonment. At issue is the introduction into evidence of a laboratory report following the court's overruling Kettle's motion in limine that doing so would violate his Sixth Amendment right to confrontation. The laboratory report contained the results of tests performed on the substance purchased from Kettle and was introduced by a person other than the one who conducted the tests. While the introduction of such a report can meet the requirements of Rule 803(6) M.R.E, and may be competent prima facie evidence of what it purports, upon proper motion in such a case, the defendant is entitled to have the person who conducted the test testify in person. Such motion having been made in this case, we reverse.

FACTS
Kettle was indicted on March 12, 1991, for having sold on May 2, 1990, to George McNabb "a quantity of the Schedule II Controlled Substance known as Cocaine." On June 18, 1991, the date of trial, he filed a motion in limine, pertinent portions of which state:
2. The defendant believes and hence alleges that at his trial the State will attempt to introduce a crime laboratory report into evidence, along with testimony by a laboratory supervisor, who himself did not make out the report.
... .
7. In addition to evidentiary concerns of reliability, the use of the report will violate the confrontation clause of the 6th Amendment to the United States Constitution, made applicable to the State by the 14th Amendment.
5. No objection during the course of the trial or instruction to the jury on proper valuation of the evidence will be sufficient to lessen the harm done to the defendant by the reference to or introduction of the lab report. The jury will infer that the report is true and accurate, even though its maker does not testify or subject himself to cross examination.
At the beginning of trial, defense counsel brought the motion to the attention of the court:
MR. ROSENBLATT:
Your Honor, I have three motions.

*748 The State has informed that they intend to bring down an expert who is not the person who prepared the report.
(Off the record, argument by counsel.)
THE COURT:
At this time, the Court will overrule the motion, but will allow for the cross-examination by the defendant in this regard of the proferred witness.
Now, let's take up the second motion.
Vol. II, 28-29.
In the presentation of the State's case-in-chief, Charles Terry, the person in charge of the drug analysis section of the Mississippi Crime Lab, or supervisor, testified and introduced into evidence the substance purchased from Kettle, and testified from the laboratory records that it was cocaine. Terry did not make the test, which was made by Jon Maddox.
Defense counsel made no objection to this testimony, and on cross-examination attempted to elicit from Terry that he did not know first-hand what the packet contained. Terry responded that he was testifying as to the records and to answer any questions about the procedures.
Kettle was convicted of the sale of cocaine, sentenced to twenty years' imprisonment, and has appealed.

LAW

I. FAILURE TO OBJECT
The State first argues that by failing to object, Kettle has waived the error in introducing the laboratory report. We disagree. The motion was quite specific, and was overruled. While it would have been preferable, and by far the safer practice for Kettle to have renewed his objection, we find the error in this case was sufficiently preserved by language of the motion in limine, which the court overruled, leaving Kettle's recourse to "cross-examination." Wimer v. Hinkle, 180 W. Va. 660, 379 S.E.2d 383 (1989); Uptain v. Huntington Lab., Inc., 723 P.2d 1322 (Colo. 1986); Reyes v. Missouri Pacific Railroad Co., 589 F.2d 791 (5th Cir.1979); Harley-Davidson Motor Co. v. Daniel, 244 Ga. 284, 260 S.E.2d 20 (1979); State v. Foster, 296 Or. 174, 674 P.2d 587 (1983); State v. Kelly, 102 Wash.2d 188, 685 P.2d 564 (1984).
Faced with the waiver question, the Colorado Supreme Court held in Uptain:
... Presentation of issues by means of motions in limine offers opportunities to expedite trials, eliminate bench conferences, avoid juror annoyance and permit more accurate rulings... . When, as here, a specific evidentiary issue is presented to the trial court in advance of trial, the primary purposes of the contemporaneous objection rule  to permit the trial court to accurately evaluate the legal issues and to enable the appellate court to apprehend the basis of the objection  are satisfied. Requiring an additional formal objection and ruling in all cases would undermine the benefits provided by the motion in limine procedure. We conclude that under the circumstances of this case, where the issue of the admissibility of the specific evidence was fully argued at the trial court on the same grounds argued by the non-prevailing party on appeal, the plaintiff's motion in limine constituted a timely objection for purposes of CRE 103(a)(1).
Uptain, 723 P.2d at 1330-31 (footnotes omitted).
And, in Wimer the West Virginia Supreme Court held:
The fundamental purpose of an objection to evidence is to bring to the court's attention potentially inadmissible evidence so that the court may make a ruling on the question. A corollary principle is that ordinarily a party may not claim evidentiary error on appeal where no objection is made at the trial level. This is designed to prevent a party from obtaining an unfair advantage by failing to give the trial court an opportunity to rule on the objection and thereby correct potential error.
When tested by these standards, we believe the trial court was given a fair opportunity to consider this matter, and there was a sufficient objection to preserve the point... . A different result may be warranted where there is a significant change in the basis for admitting the evidence. When this occurs, a further objection may be required. Here, there was no change in *749 the basis for admitting the evidence from the time the in limine ruling was made until the evidence was introduced at trial. Therefore, the plaintiff's objection to the in limine ruling preserved the point.
Wimer, 180 W. Va. at 663, 379 S.E.2d at 386 (footnotes omitted).
Addressing the assignment of error on its merits, the issue is whether the testimony of Terry, the custodian of the drug analysis records, was competent under Rule 803(6) of the Mississippi Rules of Evidence (MRE), which provides:
(6) Records of Regularly Conducted Activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
In Barnette v. State, 481 So.2d 788 (Miss. 1985), we considered Miss. Code Ann. § 13-1-114 (Supp. 1985), an evidentiary statute authorizing certificates to be admitted as evidence in a cocaine sale case. Miss. Code Ann. § 13-1-114 provides:
13-1-114. Admissibility of certificate of physician, chemist, or technician as proof of identity of controlled substance.
(1) In the prosecution for a criminal offense where testimony of an analysis of a controlled substance, as defined in sections 41-29-113, 41-29-117, 41-29-119 and 41-29-121, by a physician, chemist or technician is called for, the certificate of such person shall be admissible as evidence of the facts stated therein and of the results of the analysis referred to therein provided that:
(a) The analysis is performed in a court-approved laboratory; and
(b) The certificate of analysis is duly attested to by the physician, chemist or technician performing said analysis.
(2) On motion of any party in any misdemeanor or felony case, and within a reasonable time prior to trial, the court may require the official making the analysis to appear as a witness.
In Barnette we held:
Of course, an essential element of the crime of selling a controlled substance is that the substance sold is indeed a controlled one within the purviews of Mississippi Code Annotated Section 41-29-139 (Supp. 1985). This must be determined by a chemical analysis. To allow, without the consent of the defendant, this essential element to be proven solely by a certificate of the analyst impermissibly lessens the constitutionality required burden which is on the state.
The allowance of such also denies the defendant the constitutionally guaranteed right to confront and cross examine witnesses against him.
We hold that it was reversible error to admit, over the objection of Barnette, the certificate of analysis into evidence without the testimony of the analyst who prepared such.
Id. at 791.
An evidentiary rule can rise no higher in meeting constitutional standards than an evidentiary statute. While it is true that a custodian under the rule could introduce the records in his care and custody, he cannot satisfy the right to confront witnesses when properly invoked:
The subdivision only gives authenticity to the certificate being used as substantive evidence of the facts stated therein. To be used as the evidence of these facts without the accompanying testimony of the analyst who prepared the certificate, constitutional requirements must be met. This means there must be a pre-trial agreement by the defendant with the prosecuting attorney *750 consenting to such and waiving the right to confront and cross-examine that witness.
Barnette 481 So.2d at 791-92.
We hold that the same principle applies when someone other than the person who conducted the laboratory test attempts to testify in a cocaine possession or sale case over the objection of the defense that in doing so his Sixth Amendment right to confrontation is violated.
We note that the Federal Courts have addressed this question, and two circuits have reached different conclusions. In U.S. v. Baker, 855 F.2d 1353, 1359-60 (8th Cir.1988), cert. denied, 490 U.S. 1069, 109 S.Ct. 2072, 104 L.Ed.2d 636 (1989), a laboratory report of controlled substances was held admissible under F.R.E. 803(6), and the United States Court of Appeals for the Second Circuit, U.S. v. Oates, 560 F.2d 45 (2nd Cir.1977), held that admitting such report violated the Sixth Amendment right of the accused to confront the witness.
It should also be noted that Rule 803(6) recognizes instances where records in and of themselves might be insufficient: "[U]nless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Under Rule 803(6), therefore, a custodian of the records of the Mississippi Crime Lab may introduce laboratory reports, except where the defendant objects on the ground that his Sixth Amendment right to confront the person who prepared the test is being violated.
In today's courts, introduction of records that contain evidence for which the defendant is on trial is not uncommon. We have addressed it in Estelle v. State, 558 So.2d 843 (Miss. 1990), and King v. State, 527 So.2d 641 (Miss. 1988), wherein we approved proof that the accused served time in prisons through prison records in order to convict under Miss. Code Ann. § 99-19-83. And, in Ormond v. State, 599 So.2d 951, 958-59 (Miss. 1992), we approved a doctor testifying that the accused had gonorrhea based upon a laboratory test made by a nurse. In Estelle and King no Sixth Amendment question was raised, but in Ormond we recognized that the Sixth Amendment right to confrontation could arise in such a case, Id. at 959, but nevertheless held that there was no error in admitting the doctor's testimony.[1]
When the Sixth Amendment right to confrontation arises, the ultimate question is whether hearsay evidence offered qualifies under a "firmly rooted hearsay exception." Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597, 608 (1980). See also Bourjaily v. U.S., 483 U.S. 171, 182, 107 S.Ct. 2775, 2782-83, 97 L.Ed.2d 144, 157 (1987). If so, it may be admitted despite a claimed Sixth Amendment right to confrontation objection. Today we are not required to go beyond the facts of this case, and we hold that here the defendant was entitled to have the person who conducted the test appear and testify in person. Barnette, supra.
REVERSED AND REMANDED.
PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
JAMES L. ROBERTS, Jr., and SMITH, JJ., concur in result only.
BANKS, J., concurs with separate written opinion, joined by DAN M. LEE, P.J., and SMITH, J.
BANKS, Justice, concurring:
I concur in the result reached by the majority, and I write separately only to record additional comments concerning the evidentiary problem put by the question of drug laboratory reports.
While it is clear that the "business records" exception to the rule barring hearsay now embodied in Rule 803(6) Miss.R.Evid. is a "firmly rooted hearsay exception," Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980) ("Properly administered the business and public records exceptions would seem to be among the safest of the hearsay exceptions.") some courts, including the Supreme Court of the United *751 States, have excluded records prepared in anticipation of litigation from its operation. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943) (interpreting a predecessor to the rule); United States v. Blackburn, 992 F.2d 666 (7th Cir.1993). More specifically, those courts have held that where a record is prepared by the government for the sole purpose of assisting in the prosecution of an accused, it is not admissible against the accused even though the rule, read literally, might make it so. Id.
This is so because one of the circumstantial guarantees of trustworthiness inherent in business records is missing when the record is made for the purpose of litigation and used to that end by the entity creating the record. That is, the ordinary business record is one upon which there is reliance for the purposes of the enterprise in question other than litigation associated with the verity of the substance of the record. Lewis v. Baker, 526 F.2d 470, 473 (2nd Cir.1975).
Moreover, some courts have found in the language of Rule 803(8) a policy embodying Palmer and precluding the use of records, reports and "factual findings resulting from an investigation made pursuant to authority granted by law" by public offices or agencies other than "in civil actions and proceedings and against the [state or government] in criminal cases... ." Miss.R.Evid. 803(8)(C); Fed.R.Evid. 803(8)(C) (Emphasis supplied.) Fidelity to that policy precludes use of 803(6) as a "back door" approach admitting the same evidence. United States v. Cain, 615 F.2d 380, 382 (5th Cir.1980), approving and following, United States v. Oates, 560 F.2d 45 (2nd Cir.1977). But see, United States v. Quezada, 754 F.2d 1190, 1193-94 (5th Cir.1985) (Routine factual observations made by law enforcement officers in a non-adversarial setting are not necessarily excluded by Rule 803(8)).
In Blackburn, the Seventh Circuit, noted the divergence of views in the federal circuits on this issue and specifically criticized the Eight Circuit's expression in United States v. Baker, 855 F.2d 1353 (8th Cir.1988), for its dearth of analysis. Close inspection reveals that the precedent relied upon by the Baker court, United States v. Scholle, 553 F.2d 1109, 1124 & n. 4 (8th Cir.1977) cert. denied, 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977), involved records of chemical analysis maintained not for an individual prosecution but for a purpose wholly unrelated to litigation. The Baker court did not treat the Palmer line of cases.
I do not read the holding here to write Mississippi Crime Laboratory tests out of the Rule 803(6) exception for all purposes. Nor do we say that the business records exception does not apply to criminal cases. It is sufficient for purposes of this case, that records prepared by the Mississippi Crime Laboratory in anticipation of a criminal prosecution may not be introduced by the state against a criminal defendant under the auspices of Rule 803(6). See, United States v. Smith, 521 F.2d 957, 965 (D.C. Cir.1975); United States v. Cain, 615 F.2d 380 (5th Cir.1980).
DAN M. LEE, P.J., and SMITH, join this opinion.
NOTES
[1] In Estelle and King, if the prison records had been inaccurate, it could easily have been shown by the defendant himself. Presumably in Ormond, also, the defendant himself was in a position to challenge the record's accuracy. This is hardly the case here.