823 So.2d 574 (2002)
Drake BERRY a/k/a Alvis Berry, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00465-COA.
Court of Appeals of Mississippi.
July 16, 2002.
*575 Edward D. Lancaster, Houston, attorney for appellant.
Office of the Attorney General By: Jean Smith Vaughan, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
IRVING, J., for the court.
¶ 1. Drake Berry was found guilty by a jury in the Circuit Court of Chickasaw County of the sale of cocaine. Feeling aggrieved of his conviction, Berry has filed this appeal. He raises one issue: whether his Sixth Amendment right to confront witnesses was violated when the trial judge allowed an audiotape to be introduced into evidence.
¶ 2. Finding no reversible error, we affirm.

FACTS
¶ 3. Berry sold sixty dollars worth of crack cocaine to Treddis Anderson, an undercover agent with the Mississippi Bureau of Narcotics. The transaction was recorded on audiotape, and the audiotape, over strenuous objection from Berry's defense counsel, was played to the jury during Berry's trial.

ANALYSIS AND DISCUSSION OF THE ISSUE

1. Admission of the Audiotape
¶ 4. At the trial, the following transpired in regard to the introduction of the audiotape into evidence.
Q. Now, do you have the original tape.
A. Yes, sir, I do.
Q. May I have it?
A. (Witness handed tape to counsel.)
BY MR. BURDINE: I'm going to pose an objection to this tape being played because the witness has testifiled that it is not an accurate reproduction of what occurred on that day. There are spots that are very misleading.
BY THE COURT: Overruled. Overruled. Do you intend to play it?
BY MR. HOOD: Yes, sir.
BY THE COURT: The objection is noted but overruled.
Q. Now, Treddis, this is the original tape.
A. Yes, sir.
Q. What were you saying thathe said there are spots. Defense counsel objected saying there are spots not in it. It's not skipping in the middle or anything, is it?
A. No, sir, no skipping whatsoever on that tape.
Q. What happened?
A. The reason they didn't get the first part
BY MR. BURDINE: Objection, your Honor. Objection, the best evidence rule. It's hearsay.
BY THE COURT: Overruled. He may explain.
BY MR. BURDINE: If the Court please, let me make my objection very clear. He's testifying as to what somebody else said the reason they didn't get it clear. He doesn't know why they didn't get it clear, and I'm objecting. The best evidence rule is if it's not clear, they should bring those folks in to testify.
BY THE COURT: I haven't heard him say that. Maybe I missed that. You may continue, Mr. Hood.
Q. Treddis, what's not on here that you're saying that occurred?

*576 BY MR. BURDINE: That's what I object to, for him telling what's not on there.
BY THE COURT: That's correct. He can't say words that aren't on there, but he can explain when it began and why it wasn't turned on to begin with.
Q. At what point does this tape begin in regard to your conversation?
A. The tape begins when he gets into the vehicle and I purchase the six rocks of cocaine from Mr. Drake Berry.
BY MR. HOOD: State would move to introduce this tape into evidence.
BY THE COURT: Let it be marked and introduced over the serious objection of the defendant.
[STATE'S EXHIBIT 1 WAS MARKED AS RECEIVED.]
BY MR. HOOD: Your Honor, State would ask that we be allowed to play this tape for the jury.
BY THE COURT: All right, sir.
BY MR. BURDINE: Comes now may I?
BY THE COURT: Yes, sir.
BY MR. BURDINE:the defendant by and through his counsel of record and moves the Court to allow that tape to be played in limine. He testified the tape was turned on when he opened the door and got in the car; and that anything that exceeds that be stricken.
BY THE COURT: Motion is overruled.
¶ 5. Berry argues that the audiotape does not accurately depict what occurred. He avers that the tape picks up where the deal took place, but does not pick up the part where Agent Anderson asked Berry for sixty or six rocks of crack cocaine. Furthermore, Berry argues that the tape is based on hearsay and entering it into evidence was a violation of his Sixth Amendment right to confront and cross-examine his accusers. Although not clearly decipherable, Berry seems to be arguing (1) that Kettle v. State, 641 So.2d 746 (Miss.1994), requires that the person who prepared the audiotape testify or reversible error is committed upon its admission, and (2) that Young v. State, 731 So.2d 1145 (Miss.1999), requires that whenever a Sixth Amendment right to confront a witness has been violated, reversal is automatic.
¶ 6. The admission of evidence in within the discretion of the trial judge. Parker v. State, 606 So.2d 1132, 1137 (Miss.1992). A decision of the trial court to admit evidence must be upheld unless there is an abuse of discretion. Walker v. Graham, 582 So.2d 431, 432 (Miss.1991). The admissibility of an audiotape also turns on the State's ability to prove the recording was relevant and authentic. Ragin v. State, 724 So.2d 901(¶ 3) (Miss.1998). According to Rule 401 of the Mississippi Rules of Evidence, evidence is relevant when there is a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." It is clear from the transcript of the trial that the audiotape was audible, that a drug transaction took place, and that Berry was present during this transaction. Although the tape does not begin until after Agent Anderson asked Berry for sixty or six rocks of crack cocaine, the tape is relevant because it tends to make the probability that Berry sold drugs to Agent Anderson more likely.
¶ 7. The authenticity of the tape was shown through the testimony of Agent Anderson. Rule 901 of the Mississippi Rules of Evidence requires that evidence *577 introduced be "sufficient to support a finding that the matter in question is what its proponent claims." Furthermore, Rule 901 allows authentication of evidence by voice identification heard firsthand or on a recording. M.R.E. 901(b)(5). Agent Anderson identified his own voice, and the voices of Claude Adams, a confidential informant, and Drake Berry after the tape was played to the jury. Agent Anderson had firsthand knowledge of the voices because he was present during the drug transaction. Thus, sufficient evidence was presented to show that the recording was properly authenticated.
¶ 8. While it is true that the Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution guarantee the right of a defendant to confront witnesses in criminal prosecutions, we find that Berry's Sixth Amendment right to confront witnesses was not violated when the audiotape was admitted into evidence. Upon examination of the full record, we fail to see where Berry suffered any prejudice. As previously stated, Berry argues that Kettle is applicable here. We disagree and find that Kettle is not germane to the issue presented before us because the facts in Kettle involve the admission of the certificate of a drug analysis without the testimony of the analyst. Kettle, 641 So.2d at 749. Even if Kettle could be read to be inferentially applicable to the admission of an audiotape into evidence without the testimony of the preparer, the facts here are different. Agent Harmon, the officer who conducted the surveillance and audiotaped the transaction, testified at the trial. When the defense was given the opportunity to cross-examine him, the defense stated, "I have no questions at this time, your Honor." Because Berry had an opportunity to confront Agent Harmon, his Sixth Amendment right to confront witnesses against him was not violated. Additionally, Agent Anderson, who purchased the cocaine from Berry, testified at the trial and was available to be cross-examined to the extent necessary to reveal any problems with the authenticity of the audiotape.
¶ 9. We also find that Berry's argument that Young requires automatic reversal whenever a Sixth Amendment right to confront a witness has been violated is not an accurate reading of that case nor is it material here. Young holds that it is reversible error to deny a criminal defendant the right to fully confront a witness against him by not allowing the defendant to question the witness about prior convictions for impeachment purposes. Young, 731 So.2d at 1151(¶ 40). For the reasons stated above, we find that the trial court correctly admitted the audiotape into evidence.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF FIFTEEN YEARS WITH TEN YEARS SUSPENDED, LEAVING FIVE YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FIVE YEARS OF POST-RELEASE SUPERVISED PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.