845 So.2d 691 (2003)
William Wayne STROHM, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01134-COA.
Court of Appeals of Mississippi.
February 18, 2003.
Rehearing Denied May 13, 2003.
*694 Cynthia Ann Stewart, Jackson, attorney for appellant.
Office of the Attorney General, by Charles W. Maris, attorney for appellee.
Before THOMAS, P.J., IRVING and MYERS, JJ.
IRVING, J., for the court.
¶ 1. William Wayne Strohm was convicted in the Circuit Court of Winston County for the burglary of a dwelling. Feeling aggrieved by the judgment entered against him, Strohm appeals and asserts the following issues: (1) whether the trial court erred by not granting him a continuance to permit him to shower, shave, and have appropriate attire for the court proceedings, (2) whether the trial court erred by allowing the prosecution to admit a photograph of the alleged crime scene not provided to him until the day before trial, (3) whether the trial court erred when it forced him to display his tattoos as a part of an in-court identification by the alleged victim in violation of Strohm's rights, (4) whether the trial court erred when it failed to give his requested instruction on the lesser-included offense of trespass, (5) whether the trial court erred when it overruled his objections to the court's consideration during sentencing of uncertified offenses allegedly committed by Strohm, and (6) whether the State engaged in an improper closing argument.
¶ 2. Finding no reversible error, we affirm.

*695 FACTS
¶ 3. On November 28, 2000, at approximately seven o'clock in the morning, Mrs. Joni Miller left her residence in Sturgis, Winston County, Mississippi, to take her toddler to the doctor. When she returned between nine and ten o'clock that morning, she saw a strange vehicle parked in her driveway next to her front porch. She then saw Strohm, whom she did not know, come out of her home. Strohm ran down the porch, got into his car, and attempted to leave the driveway. Mrs. Miller blocked Strohm's path with her truck and asked him what he was doing. Strohm told Mrs. Miller that he was looking for a friend, someone named Morgan. Mrs. Miller then noticed that the door facing around her front door had been damaged, and the door appeared to be kicked in. She asked Strohm, "Well, have you just busted up in my house?" Strohm replied, "No, ma'am, the door was unlocked." He then apologized for having entered her house. Mrs. Miller assured Strohm that she always locked and checked the doors.
¶ 4. After taking note of Strohm's car license plate number, she moved her truck and let him out the driveway. She then proceeded to the front porch of her home and examined the damaged door facing. On the floor of her living room, she found three guns and a set of golf clubs propped against her coffee table. All of these items had been in a back bedroom in her house when she left to go to the doctor. She called the sheriff's department.
¶ 5. About three weeks later, Strohm was arrested and charged with burglary of the Miller home. He was tried later and convicted of one count of burglary.

ANALYSIS AND DISCUSSION OF THE ISSUES

1. Granting of Continuance
¶ 6. On the day Strohm was set for trial, he requested a continuance in order to allow him to shower, shave, and change clothes. This request was denied by the court.
¶ 7. Strohm argues that the large Rebel flag on his shirt and his unkempt appearance prejudiced him in the same way that gang emblems can be prejudicial. Strohm also emphasizes that the jury consisted of four Black and eight White jury members. Because the Rebel flag is perceived as an offensive and racist emblem to the Black community, Strohm proclaims his clothes seriously prejudiced his trial; therefore, he contends, the court erred in denying his motion for a continuance.
¶ 8. "[T]he decision whether to grant or deny a continuance is a matter left to the sound discretion of the trial court." Burns v. State, 729 So.2d 203, 213 (¶ 29) (Miss.1998) (citing Walker v. State, 671 So.2d 581, 592 (Miss.1995)). Unless manifest injustice is evident from the denial of a continuance, this Court will not reverse. Id. Further, "the denial of a continuance in the trial court is not reviewable unless the party whose motion for continuance was denied makes a motion for a new trial on this ground." Walker, 671 So.2d at 592 (citing Metcalf v. State, 629 So.2d 558, 562 (Miss.1993)).
¶ 9. The trial judge did not see anything about the way Strohm was dressed that would be inappropriate for trial. Strohm had on a T-shirt with a Rebel flag on its front and back, sweat pants, and tennis shoes. The judge found the Rebel flag on the front of his shirt to be both too small and faded to be recognizable by the jury and that the flag on his back would never be visible to the jury during trial. He gave Strohm the option to turn his shirt inside out; but Strohm refused. The judge also acknowledged that Strohm knew as early as a day before trial that he *696 would have his hearing but made no arrangements to have family members bring him clothes. The judge also pointed out that Strohm chose the clothes he wore to trial.
¶ 10. The judge further noted that Strohm had about a two day's growth of beard on his face. He again explained that Strohm had sufficient notice of the trial, and therefore, he could have shaved if he had wanted. The judge also found that Strohm's hair was neatly combed, and that he appeared generally clean. Consequently, the trial judge found that Strohm did not look unpresentable for trial purposes.
¶ 11. Strohm has failed to show any manifest injustice in the trial court's resolution of this issue; therefore, he has failed to demonstrate that the trial court abused its broad discretion when it denied his motion for a continuance in this instance. This issue lacks merit.

2. Admission of Photograph
¶ 12. Strohm argues that the trial court erred when it admitted a photograph of the alleged crime scene. The photograph showed Mrs. Miller's property stacked in the front room of her house after it was allegedly burglarized. Strohm explains that his theory of defense was that he committed trespass instead of burglary. Strohm acknowledges and protests his receipt of the photograph the day before trial and the trial court's decision to grant him only a brief continuance to question Mrs. Miller about the photograph. Therefore, Strohm proclaims that the trial court did not give him adequate time to reevaluate his theory of defense upon the admittance of the photograph.
¶ 13. The admission of evidence is within the discretion of the trial judge. Berry v. State, 823 So.2d 574, 576 (¶ 6) (Miss.Ct.App.2002) (citing Parker v. State, 606 So.2d 1132, 1137 (Miss.1992)). A decision of the trial court to admit evidence must be upheld unless there is an abuse of discretion. Id. (citing Walker v. Graham, 582 So.2d 431, 432 (Miss.1991)).
¶ 14. This Court recognizes Strohm's contention on this issue as an assertion of a discovery violation by the State. The language of URCCC 9.04(I) states:
If during the course of trial, the prosecution attempts to introduce evidence which has not been timely disclosed to the defense as required by these rules, and the defense objects to the introduction for that reason, the court shall act as follows:
1. Grant the defense a reasonable opportunity to interview the newly discovered witness, to examine the newly produced documents, photographs or other evidence; and
2. If, after such opportunity, the defense claims unfair surprise or undue prejudice and seeks a continuance or mistrial, the court shall, in the interest of justice and absent unusual circumstances, exclude the evidence or grant a continuance for a period of time reasonably necessary for the defense to meet the nondisclosed evidence or grant a mistrial.
3. The court shall not be required to grant either a continuance or mistrial for such a discovery violation if the prosecution withdraws its efforts to introduce such evidence.
URCCC 9.04(I) (emphasis added).
¶ 15. Here, there was no failure by the State to follow discovery procedures. To be sure, we look to Robinson v. State, 662 So.2d 1100 (Miss.1995). In Robinson, the prosecution produced a letter written by the defendant to the victim. Id. at 1102. In the letter, the defendant apologized and *697 asked for forgiveness for his actions. Id. The prosecution received the letter the day before trial began and disclosed the letter to the defense. Id. The defense made no objection to the letter until the prosecution attempted to introduce the letter at trial. Id. at 1103. The defense maintained, outside the presence of the jury, that the letter was "extremely prejudicial to his client and asked for a mistrial." Id. The judge allowed the defense a short recess to examine the letter. Id. at 1104. The Mississippi Supreme Court ruled that Robinson was allowed a "reasonable period of time in which to review the letter." Id.
¶ 16. In the case sub judice, Mrs. Miller took the photograph on the day of the crime shortly after the investigator had left the crime scene. She kept the photograph in her possession. When the State interviewed Mrs. Miller in preparation for trial, Mrs. Miller informed the State for the first time of the photograph's existence. There is no evidence that the State or Investigator Robertson had knowledge or possession of the picture before this date. When the State became acquainted with the photograph's existence, it immediately contacted Strohm's counsel regarding the photograph. On the day of trial, Strohm objected to the photograph before the proceedings began. The judge allowed Strohm's counsel a brief continuance to question Mrs. Miller about the photograph before she took the stand. The judge subsequently admitted the photograph into evidence.
¶ 17. "Trial judges have wide latitude in deciding whether to grant continuances, and that decision is left to the sound discretion of the trial judge. See Adams v. State, 772 So.2d at 1014 (¶ 16) (citing Lambert v. State, 654 So.2d 17, 22 (Miss.1995)). Here, the trial court carefully considered the totality of the circumstances: what the photograph depicted, the abruptness of the photograph's appearance, who presented the photograph, and the feasibility of a continuance past the scheduled trial date. Ultimately, the trial judge concluded that a continuance was not warranted. As previously observed, the trial judge allowed adequate time for Strohm to interview Mrs. Miller prior to her testifying. We find no abuse of discretion by the trial court."
¶ 18. We also note that even if a discovery violation had occurred, Strohm's failure to request a continuance after interviewing the witness would procedurally bar review of this issue on appeal. See URCCC 9.04(I); see also Snelson v. State, 704 So.2d 452, 458 (¶ 35) (Miss.1997).

3. Display of Strohm's Tattoos
¶ 19. Strohm contends the trial court erred in forcing him to show his tattoos as part of in-court identification proceedings. He explains that the court's actions violated his Fifth Amendment right not to incriminate himself and was unnecessary since Mrs. Miller had already identified him. Strohm also asserts that the forced display of his tattoos prejudiced the jury. He cites Randall v. State, 806 So.2d 185 (Miss.2001) and Goree v. State, 748 So.2d 829 (Miss.Ct.App.1999), as authorities for his position.[1]
¶ 20. Strohm's argument fails on two grounds. First, in his appellate brief, Strohm makes a different argument than he made in the trial court when he objected to being forced to display his tattoos. During trial court proceedings, Strohm's counsel objected, not on Fifth Amendment grounds, but on the ground that persons *698 on the jury might have religious objections to the tattoos and adjudge him guilty accordingly. In Woodham v. State, the Mississippi Supreme Court held that the assertion of "grounds for an objection on appeal that differs from the ground given for the objection at the trial level does not properly preserve the objection for appellate review." Woodham v. State, 779 So.2d 158, 161 (¶ 12) (Miss.2001) (citing Paracelsus Health Care Corp. v. Willard, 754 So.2d 437, 441 (Miss.1999); Ballenger v. State, 667 So.2d 1242, 1264 (Miss.1995)). Therefore, Strohm's appeal of the trial judge's ruling regarding this issue is procedurally barred.
¶ 21. Secondly, Strohm's contention lacks merit. According to Burns v. State, 729 So.2d 203, 216 (¶ 52) (Miss. 1998), "[a] mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside [the] protection [of the Fifth Amendment]." Id. (citing Gilbert v. California, 388 U.S. 263, 266-67, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967)) (quoting United States v. Wade, 388 U.S. 218, 222-23, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967)). Furthermore, our supreme court has adopted the United States Supreme Court's reasoning that "the Fifth Amendment privilege against self-incrimination protects an accused from being compelled to testify against himself, that is, to provide evidence of a testimonial or communicative nature, but does not extend to the securing of real or physical evidence." Id. at 216 (¶ 54) (citing Baylor v. State, 246 So.2d 516, 519 (Miss.1971)). Strohm's tattoo was a physical characteristic of his body and was not testimonial or communicative in nature. Therefore, his tattoo was outside the scope of Fifth Amendment protection.
¶ 22. Moreover, Strohm's citation of Goree and Randall does not assist Strohm in his argument. Goree dealt with whether evidence of a defendant's gang affiliation, such as gang-related tattoos, was admissible to prove his preparation, plan, intent, or motive in an aggravated assault case. Goree, 748 So.2d at 830-34 (¶¶ 5-6). Randall, on the other hand, addressed the admissibility of a defendant's gang symbol tattoos and alleged gang membership to prove the existence of statutory aggravating factors of the commission of a crime. Randall, 806 So.2d at 218 (¶ 33). Both cases are clearly distinguishable from the case-at-bar. In our present case, there is no mention of gang affiliation of Strohm in relation to his crime, and Strohm's tattoos were presented only for the purpose of physical identification. The trial court's demand that Strohm display his tattoo for identification purposes was not error; therefore, Strohm's contention lacks merit.

4. Denial of Lesser-Included-Offense Instruction
¶ 23. The standard of review employed by this Court in reviewing challenges to the grant or denial of jury instructions is that of viewing the instructions as a whole. Adams v. State, 772 So.2d 1010, 1015 (¶ 20) (Miss.2000) (citing Humphrey v. State, 759 So.2d 368, 380 (Miss.2000)). A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence. Agnew v. State, 783 So.2d 699 (¶ 6) (Miss.2001) (citing Humphrey v. State, 759 So.2d 368, 380 (Miss.2000); Heidel v. State, 587 So.2d 835, 842 (Miss. 1991)). To warrant the lesser-included-offense instruction, a defendant must point to some evidence in the record from which a jury could reasonably find him not guilty *699 of the crime with which he was charged and at the same time find him guilty of a lesser-included offense. Adams, 772 So.2d at 1016 (¶ 22)(citing Toliver v. State, 600 So.2d 186, 192 (Miss.1992); Whitehurst v. State, 540 So.2d 1319, 1327 (Miss.1989); Harper v. State, 478 So.2d at 1021; Fairchild v. State, 459 So.2d 793, 799 (Miss. 1984)).
¶ 24. Strohm's request for an instruction on the lesser-included offense of trespassing is without anchor in the evidence. Mrs. Miller's testimony is irrefutable as to Strohm's motive for entering her house. She testified she caught Strohm running out of her house, blocked Strohm in her driveway with her truck, and confronted him. She also testified that Strohm told her that her door was unlocked and that he was looking for his friend Morgan. However, the fact that Mrs. Miller's door facing was partially destroyed and items were collected in one location in her living room overwhelmingly refutes Strohm's assertion that he simply trespassed. Mrs. Miller testified that her door was locked and that her door facing was fully intact prior to her departure for the doctor's office. Officer Jesse Robertson, investigator for the Winston County Sheriff's Department, corroborated Mrs. Miller's testimony as to the condition of her door and the positioning of items intended to be taken by Strohm, the perpetrator.
¶ 25. Finally, Strohm did not testify in his defense nor did he procure "his friend Morgan," a witness that would have been more accessible to the defense than the State. There was no evidence presented as to the identity of Morgan, whether he actually existed, or where he could be found.
¶ 26. Strohm's account that he was at Mrs. Miller's house looking for his friend Morgan cannot be squared with the physical and circumstantial evidence at the scene. No reasonable jury could have returned a verdict other than guilty as charged as to the burglary count; therefore, the trespass instruction was properly refused.

5. The Trial Court's Consideration of Uncertified Prior Offenses
¶ 27. Strohm contends that the trial court committed reversible error when it considered his prior convictions to determine his sentence for the burglary conviction. He asserts "the court permitted introduction of uncertified copies of convictions for three aggravated burglaries, a grand larceny, and a burglary." Apparently, Strohm objects because the State had not submitted certified copies of Strohm's prior convictions from Tennessee to the court before his sentence was determined. He finally asserts Rules 902(4), 1001, and 1002 of the Mississippi Rules of Evidence require certified copies under the circumstances.
¶ 28. In Ferrell v. State, the Mississippi Supreme Court reiterated the law enunciated in Jackson v. State:
In Jackson, we stated, "Our law has long provided that the imposition of sentence following a criminal conviction is a matter within the discretion of the Circuit Court, subject only to statutory and constitutional limitations. So long as these are not offended, we rarely interfere. Moreover, the Court is not limited to the consideration of evidence presented of record at trial when imposing sentence."
Ferrell v. State, 810 So.2d 607 (¶ 24) (Miss. 2002) (citing Jackson v. State, 551 So.2d 132, 149 (Miss.1989)).
¶ 29. Here, the record does not reveal that the uncertified copies were introduced for habitual offender sentencing enhancement. Rather, the prosecution announced *700 to the court that the certified copies of Strohm's former convictions had not arrived from Tennessee; therefore, the State would not be pursuing a habitual offender sentence. However, the prosecutor did inform the court that Strohm had been convicted of the previous offenses in Tennessee.
¶ 30. We find that the trial court was not in error in taking judicial notice of its own court records, considering the prior convictions of Strohm and viewing other pending charges against him, as this is not specifically prohibited by statute or the Mississippi Constitution. Finally, we note that Strohm's only cited authorities, Rules 902(4), 1001, and 1002 of the Mississippi Rules of Evidence, do not apply to a sentencing hearing. M.R.E. 1101(b)(3).

6. Appropriateness of Closing Argument
¶ 31. Strohm argues that the State engaged in an inappropriate closing argument. Strohm's complaint centers on the State's juxtaposition of Mrs. Miller's testimony with his. Mrs. Miller testified she came home, saw Strohm leaving her house, and confronted him. Strohm claimed he was looking for a friend named Morgan. In its closing, the State argued, "If this story about this friend Morgan were true, he would be here." At that point, defense counsel objected to "the attempt by the State to shift the burden of proof to the defendant." The court overruled the objection and permitted the State to continue. The State proceeded:
Where's Morgan?If that were true, I would hope that if I had a friend and I was on trial for something this serious, he would be here to tell you all that he lived there or he lived in that area or that he lived anywhere in this state where the defendant might reasonably think he was in the house.
I probably think he doesn't exist. I don't have any reason to know that. I don't think you do, either. This is just a bunch of bull, and Mr. Majors knows it. That's why he's trying to sway you with all these comments he knows to be improper. That's why he's trying to confuse you with all this evidence that doesn't exist.
The simple honest evidence in this case is the defendant, William Strohm, was going to steal these guns if Mrs. Miller hadn't come home. Period. He is guilty. Period. Thank you.
¶ 32. "The purpose of a closing argument is to fairly sum up the evidence. The State should point out those facts upon which the prosecution contends a verdict of guilty would be proper." Rogers v. State, 796 So.2d 1022, 1027 (¶ 15) (Miss.2001) (citing Clemons v. State, 320 So.2d 368, 370 (Miss.1975)). The prosecutor may comment upon any facts introduced into evidence, and he may draw whatever deductions and inferences that seem proper to him from the facts. Id. (citing Bell v. State, 725 So.2d 836, 851 (Miss.1998)). Failure of either party in a criminal prosecution to call a witness equally accessible to both is not a proper subject for comment by either. Doby v. State, 557 So.2d 533, 538-39 (Miss.1990). However, such comment is not improper where the witness was more available to and in closer relationship with the other party. Ross v. State, 603 So.2d 857, 864 (Miss.1992); Doby, 557 So.2d at 539 n. 5.
¶ 33. The evidence is undisputed that Strohm entered Mrs. Miller's home. When confronted by Mrs. Miller, Strohm explained he was looking for his friend Morgan. The trial transcript reflects the defense first brought the existence of Morgan into trial upon defense counsel's opening statement. Therefore, the primary theory of Strohm's defense depended on *701 the existence of Morgan. Moreover, defense counsel acknowledged Morgan to be the friend of Strohm. This association indicates a close relationship to Strohm. Unquestionably, such a witness is not equally available to the prosecution; therefore, the prosecution had every right to comment on Strohm's failure to call him. We find no error occurred in this instance.
¶ 34. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SENTENCE TO RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED, IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Strohm actually cites Goree v. State, 794 So.2d 297 (Miss.Ct.App.2001); however, it is obvious from the text of the cited authority that that is the wrong Goree. Strohm meant to cite, or should have cited, Goree v. State, 748 So.2d 829 (Miss.Ct.App.1999).