JAMES, J.,
dissenting:
¶ 41. I disagree with the majority’s finding that Wilson’s prior statements were admissible pursuant to Mississippi Rule of Evidence 404(b). I would find that the statements constituted improper character evidence. Further, I would find that the probative value of Wilson’s prior statements was outweighed by their prejudicial effect and that the trial court erred in failing to conduct a balancing test, or otherwise consider Mississippi Rule of Evidence 403, when ruling that the statements were admissible. Therefore, I respectfully dissent.
I. Procedural Bar
¶ 42. I disagree that Wilson did not properly preserve this issue for appellate review. Although Wilson failed to make a contemporaneous objection on the ground of improper character evidence when the State introduced the statements at trial, Wilson did file a motion in limine seeking to exclude the use of character evidence. In addition, on the morning of trial, Wilson specifically raised the issue of her statements to Dr. Smallwood, and the trial court ruled that the statements would not be admitted unless Dr. Smallwood testified. The Mississippi Supreme Court has held that “a defendant’s motion in limine regarding the introduction of evidence properly preserve[s] the issue for appeal.” Goff v. State, 14 So.3d 625, 640 (¶ 46) (Miss.2009) (citing Kettle v. State, 641 So.2d 746, 748 (Miss.1994)). Furthermore, “when a party files a motion in limine to exclude ... evidence, ... the party may try the case on the assumption that the court’s prior ruling will stand.” Parvin v. State, 113 So.3d 1243, 1247 (¶15) (Miss.2013). Accordingly, I would find that this issue was sufficiently preserved for review.
II. Character Evidence
¶ 43. To be admissible, evidence must be relevant. M.R.E. 402. All relevant evidence is admissible absent an exception.
*555 Id. Relevant evidence may be excluded if “its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” M.R.E. 403. Generally, “[ejvidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.” M.R.E. 404(b). However, Rule 404(b) enumerates several exceptions to the general prohibition; thus, evidence of other bad acts “may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” Id. Finally, “[ejvidence of other crimes, wrongs, or acts of the defendant offered pursuant to Rule 404(b) may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.” Richardson v. State, 74 So.3d 317, 329 (¶40) (Miss.2011) (citing Davis v. State, 40 So.3d 525, 529-30 (¶ 15) (Miss.2010)).
¶ 44. I would find that the statements involving the two prior incidents in which Wilson used a knife were unfairly prejudicial and constituted improper character evidence. The statements clearly run afoul of Rule 404(b), which provides that “[ejvi-dence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.” The two statements involving knife play invited the jury to infer that, because Wilson had used a knife on two previous occasions, she used a knife in the same manner at the time of this incident. Therefore, the statements should have been excluded.
¶ 45. Furthermore, I find that the trial court erred by not filtering the statements through Rule 403 prior to ruling that the statements were admissible. The majority is correct that an on-the-record Rule 403 balancing test is not required in every case. Nevertheless, “all otherwise-admissible evidence must be filtered through Rule 403[,j ... [and][w]hen the trial court admits other bad acts evidence under Rule 404(b), it should make an on-the-recórd Rule 403 finding that the probative value is not substantially outweighed by the danger of unfair prejudice.” Archer v. State, 118 So.3d 612, 625 (¶57) (Miss.Ct.App.2012) (emphasis added). Here, not only did the trial court fail to conduct a Rule 403 balancing test on the record, there is nothing to indicate that the trial court, at any time, considered the probative value of the statements weighed against their prejudicial effect. Regarding the content of Dr. Smallwood’s report, the trial court initially ruled that the statements would not be admissible unless Dr. Smallwood testified. During the pretrial motion hearing, and after hearing the arguments of both parties, the trial court stated: “At this point, I’m not letting [the report] in unless Dr. Smallwood testifies.... At this point, [the State] is not going to be allowed to ask those things.” However, the trial court later ruled that the statements in the report could be used in cross-examination to cast light on Wilson’s state of mind. During a bench conference following Wilson’s testimony, the trial court found that the statements were not privileged, were not hearsay, and did not violate the Confrontation Clause; however, the trial court did not discuss whether the statements pertaining to prior bad acts were improper character evidence, nor did the trial court weigh their probative value or prejudicial effect. Finally, during the hearing on Wilson’s motion for a judgement notwithstanding the verdict, the trial court stated that “the reason [the statements were] allowed didn’t have to do with [Wilson’s] character-[I]t had to do with ... the fact that [Wilson] had raised ... her state *556 of mind ... in either imperfect self-defense or ... self-defense ... [and] also with regard to [the] heat of passion defense. Once she raised her state of mind[,] ... [she made] ... her state of mind fair game for cross-examination.” At no point did the trial court consider the probative value of the evidence, weighed against the potential prejudicial effects that may have resulted if the statements were introduced. Therefore, I must conclude that the evidence was not filtered through Rule 403.
¶46. Accordingly, I respectfully dissent.