# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00921-COA

**SAMUEL CONWILL A/K/A SAMUEL B. CONWILL A/K/A SAMUEL BRENT CONWILL**                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/21/2016 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SAMUEL CONWILL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/17/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Samuel Conwill appeals the dismissal of his petition for postconviction relief (PCR) in the Clay County Circuit Court.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Conwill was indicted on one count of possession of methamphetamine precursors and one count of possession of methamphetamine.  Conwill pled guilty to possession of methamphetamine in exchange for the State retiring the possession-of-precursors count. Following his conviction and sentence, Conwill filed a motion to correct the Mississippi Department of Correction's record of a parole to a detainer, as to another charge and another

sentence. The trial court dismissed that motion. Conwill subsequently filed a petition to "vacate [the] illegal sentence." The trial court dismissed that petition. Conwill then filed a motion to appeal out-of-time and his notice of appeal. The trial court granted his motion to appeal out-of-time.

¶3. On appeal, Conwill argues that he was denied due process and the right to confrontation. He claims that during his sentencing hearing, the records of his previous convictions, known as "pen packs," were admitted into evidence without foundational testimony to certify their accuracy. He asserts that the admission of the pen packs was reversible error. We find this argument to be without merit.

## STANDARD OF REVIEW

¶4. "Circuit courts may summarily dismiss a PCR motion 'if it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief.'" *Dixon v. State*, 52 So. 3d 1254, 1254 (¶2) (Miss. Ct. App. 2011) (quoting *Robinson v. State*, 19 So. 3d 140, 141-42 (¶6) (Miss. Ct. App. 2009)). In reviewing the circuit court's dismissal of a PCR motion, the circuit court's factual findings will not be disturbed unless clearly erroneous. *Mann v. State*, 2 So. 3d 743, 745 (¶5) (Miss. Ct. App. 2009).

## DISCUSSION

¶5. At Conwill's guilty-plea hearing, the State moved to amend the indictment to reflect Conwill's habitual offender status and entered the pen packs into evidence as proof of his status as a habitual offender. Conwill's trial counsel did not object to the motion, and the

2

trial court granted the State's motion to amend. During the hearing, Conwill's trial counsel stated that Conwill was aware that the indictment could be amended any time prior to trial and did not contest the amendment, because the habitual offender stipulation was part of the plea agreement. "When an accused fails to object to the habitual offender issue during the sentencing phase, he is procedurally barred to do so the first time on appeal." *Reed v. State*, 180 So. 3d 755, 756 (¶4) (Miss. Ct. App. 2015) (quoting *Heidelberg v. State*, 45 So. 3d 730, 732 (¶6) (Miss. Ct. App. 2010)). Conwill did not object to the motion to amend the indictment. Therefore, this matter is procedurally barred.

¶6. Notwithstanding the procedural bar, Conwill's assertion that pen packs are insufficient proof of habitual offender status without a testimonial foundation is without merit. "[U]nder [s]ection 99-19-81 of the Mississippi Code, proof of habitual status is sufficient where the State demonstrates that a defendant was sentenced to terms in excess of one year." *Frazier v. State*, 907 So. 2d 985, 991 (¶15) (Miss. Ct. App. 2005) (citing Miss. Code Ann. § 99-19-81) (Rev. 2015)). "[C]ertified copies of 'pen packs' suffice as competent evidence of prior convictions." *Id.* at 991 (¶16) (citing *Dixon v. State*, 812 So. 2d 225, 231 (¶27) (Miss. Ct. App. 2001)). This Court's ruling in *Frazier* does not support Conwill's contention that pen packs need authentication and a testimonial foundation to support sentencing as a habitual offender.

¶7. Conwill argues that *Frazier* contradicts the Mississippi Supreme Court's holding in *Kettle v. State*, 641 So. 2d 746 (Miss. 1994), and the United States Supreme Court's holding in *Bullcoming v. New Mexico*, 564 U.S. 647 (2011). We do not agree. The issue presented

in *Kettle* was whether someone other than the testing technician could authenticate the laboratory results to support a conviction. Our supreme court held that testimonial evidence from a person, other than the testing technician, violated the Sixth Amendment right to confrontation. *Kettle*, 641 So. 2d at 750. Likewise, in *Bullcoming*, the United States Supreme Court found that surrogate testimony of a scientist who did not sign the testimonial certification or observe the test reported in the certification violated the defendant's Sixth Amendment right to confrontation. *Bullcoming*, 564 U. S. at 652. The holdings in *Kettle* and *Bullcoming* do not contradict this Court's holding in *Frazier*. The evidence in question in those cases required scientific analysis of laboratory results by the testing individual, whereas pen packs do not. The preparation and management of pen packs are administrative in nature, and they only need to be certified by the custodian who maintains the records in the ordinary course of business. Accordingly, we find that testimonial evidence need not be proffered to authenticate pen packs. Finding no error, we affirm the circuit court's dismissal of Conwill's PCR petition.

¶8.    **AFFIRMED.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. TINDELL, J., NOT PARTICIPATING.**